S. C. HASTINGS v. JAMES CUNNINGHAM, HENRY BATES, C. K. GARRISON, GEORGE F. SHARP, *et als.*

APPOINTMENT OF REFEREES IN ACTIONS FOR PARTITION.—The appointment of referees in actions for partition is governed by the general provisions of the Practice Act, and can only be made upon the agreement of all the parties, except in cases falling within the provisions of section one hundred and eighty-three of the Act.

IDEM.—It is erroneous for the Court to order a reference for the purpose of trying all the issues in an action for partition, in which there is a party whose name is unknown, and whose consent cannot, therefore, be procured; and all proceedings thereon must fall.

POWER OF COURT OVER ITS OWN PROCEEDINGS. — The rule that a Court has no
power over its own judgments upon the expiration of the term has no application,
except to final judgments—nor while the proceedings are *in fieri.*

IDEM, IN ACTIONS FOR PARTITION.—The order of a Court for a partition of lands,
or for a sale in case a partition cannot properly be made, is not a final judgment
in an action for partition. They are to be succeeded by a judgment confirming
the partition or sale.

PRESUMPTION IN FAVOR OF DECISION OF COURT BELOW.—In the absence of a con-
trary showing it will be presumed, on appeal, that the Court below proceeded
regularly, and that its decisions were correct. Where the record on appeal did
not contain the whole judgment roll, and the absent portions were not presented
in a bill of exceptions or statement on appeal, no questions arising on matters
contained in such absent portions can be made on appeal.

ORDER VACATING AN ORDER OF REFERENCE NOT APPEALABLE. — An order made
by the District Court vacating a former order of reference and the subsequent
proceedings had under it, is not appealable.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

This was an action for the partition of certain real prop-
erty, in the City and County of San Francisco, among the
parties above named, and " other persons unknown to the
plaintiff," who are by the complaint made parties to the
action.  Upon the stipulation of certain of the parties, being
all that had at the time appeared in the action, Charles Hal-
sey, Esq. was by .the Court appointed referee to try all the
issues in the cause and report a decree.  In pursuance thereof,
the referee in due course reported a judgment, designating
therein the respective interests in the property of the parties,
including among them as owners, Benjamin Richardson and
others, who had not joined in said stipulation, and were not
named in the complaint as parties, except under the desig-
nation of " unknown owners."  The Court entered judgment
for a sale of the property and the distribution of the proceeds
to the owners in accordance with the recommendations of
the report of the referee.  Subsequently, and more than ten
months after said judgment, on motion of Richardson, the
Court set aside said order of reference, report, and judgment;
from which order the plaintiff and defendants Sharp and N.
Hayes appealed.

The other facts are stated in the opinion of the Court.

*W. H. Sharp, J. Alexander Yoell,* and *Porter & Holladay,* for Appellants.

1st. When the District Court renders a final judgment, their power over that judgment ceases by the adjournment of the Court. (*Casement* v. *Ringgold,* 28 Cal. 335.) This common law rule has been modified by statute in cases of service by publication; and the defendant is allowed six months after the rendition of the judgment to answer the merits. (Pr. Act, Sec. 68.) This statute must be construed like all others in derogation of the common law. Time, in statutes, is always of essence; and if the party does not avail himself of the privilege within the time, he cannot claim its benefits. The motion in this case was made ten months after the judgment, and the time allowed by statute having expired, the action of the Court in granting the order was an absolute nullity. (See *Guy* v. *Ide,* 6 Cal. 101.)

. 2d. If the Court could entertain the motion, it still had no power to set aside and vacate the judgment. Section sixty-eight only empowers the Court to allow the defendant to answer the merits of the original action. The respondent here did not ask nor did the Court grant him the right to answer. As the Court did not grant the relief which the statute alone authorizes, the order is erroneous.

*J. B. Felton,* and *Theodore Hittell,* for Respondent.

The reference, as made, was unauthorized by law and void. (Practice Act, Secs. 182, 183.) The judgment and order of sale were predicated on the report of the referee, and were likewise void.

By the Court, RHODES, J. :

The Chapter of the Practice Act relating to the partition of real property contains no special provision for the appointment of a referee to try the issues and find the title of the respective parties. The appointment of a referee in an action

for partition is therefore regulated by the general provisions of the Practice Act. According to section one hundred and eighty-two, a reference to try all the issues in an action can be ordered only upon the agreement of the parties. The following section provides for a reference without the consent of the parties in certain cases therein mentioned, but a reference of an issue arising upon the pleadings is not one of those cases except when the trial of the issue requires the examination of a long account on either side. (*Williams* v. *Benton*, 24 Cal. 424.) It follows, therefore, that it is erroneous for the Court to order a reference for the purpose of trying all the issues in an action for partition in which there is a party whose name is unknown; for his name being unknown, his consent to the reference cannot be procured. The reference in this case being erroneous, for the reason just mentioned, all the proceedings founded thereon must fall.

It is objected that the Court below had no authority to set aside the order of reference and the subsequent proceedings, because the power of the Court over its judgments ceased upon the expiration of the term. The rule invoked has no application except to final judgments, and not while the proceedings are *in fieri.* The order for a partition, or for a sale, in case a partition cannot be made without great prejudice to the owners, is not the final judgment in the action. They are to be succeeded by a judgment confirming the partition or sale.

No question can be raised as to whether Richardson did or did not answer; nor as to the effect of a *lis pendens;* nor as to the evidence of title adduced by Richardson; nor as to his proceedings upon the motion, because the record before us contains only a part of the judgment roll, without the answers or the notice of *lis pendens;* and there is neither a statement nor a bill of exceptions in the record. In the absence of anything to the contrary, it must be presumed that Richardson made the necessary showing, and that the Court decided correctly.

It ought to be added, though the point is not made by counsel, that the order vacating the order of reference, and the proceedings subsequent thereto, is not an appealable order; for it is neither a final judgment, nor one of the orders mentioned in sections three hundred and thirty-six and eight hundred and forty-seven of the Practice Act, from which an appeal may be taken. As the order, if it were appealable, would be affirmed on its merits; as the ultimate effect of an affirmance would not materially differ from that of a dismisal of the appeal; and as an affirmance would indirectly sanction the appeal from a non-appealable order; it is ordered that the appeal be dismissed.