FREDERICKS, respondent, *v.* DAVIS, appellant.

APPEAL — *Finality of judgment* — *Action for partition and sale* — *Decree modifying order of final distribution.* — In an action of partition an order was made in May, 1877, adjudicating on the shares of the respective parties, and ordering a sale, which was appealed to the supreme court of Montana, and then to the supreme court of the United States, and affirmed on both appeals. In June, 1883, a second order of sale was made, ordering execution of the first order, with change of date. In May, 1884, after sale, an order was made which determined the amount due to the respective parties out of the proceeds. On April 5, 1886, an order was made modifying the last-mentioned order, and reciting that appellant had received a sum in excess of his share of the

proceeds, and that execution issue for the excess. *Held*, the decree made in May, 1877, was not a final decree, but the last-named order is a final judgment, and no bill of exception was required to save the appeal.

### *Appeal from First District, Gallatin County.*

THIS is a preliminary motion to dismiss an appeal, made before the hearing. The order of May 27, 1884, referred to in the opinion, in addition to determining what amount of the proceeds was due to each of the respective parties, also ordered the clerk to pay the same, and take receipts therefor, whereupon he should be released and discharged from further liability. This was done, and the clerk then filed his statement of settlement showing the final adjustment and settlement appertaining to the above order of distribution. On April 5, 1886, the court, another judge sitting, and at a subsequent term, made an order settling and modifying the foregoing order of distribution made on May 27, 1884. This order also recited that the appellant had received a certain sum in excess of his share of the proceeds of the sale, and that the respondent " do have and recover from the " appellant the amount of this excess, specifying the sum, " and that execution issue therefor." From this order defendant appealed, and this motion is made by the plaintiff to have such appeal dismissed.

VIVION & SHELTON, for the appellant.

HENRY N. BLAKE, for the respondent.

BACH, J.° This action was brought for the partition of certain real property in Gallatin county. On the 19th day of May, A. D. 1877, a decree was made by which the shares of the respective parties were adjudicated. A sale of the property was ordered, and the referee to sell was directed to bring the money into court, and make due report of his proceedings in relation to the sale of the property. The said decree further provided that the proceeds of the sale, after the same had been so deposited in court, should be ap-

plied under the direction of the court. An appeal from that decree was taken to the supreme court of Montana, and thence to the supreme court of the United States, in each of which the decree was affirmed. On the 25th day of June, A. D. 1883, a second order of sale was made, directing that in all other respects than the date of sale the former order of sale should be fully executed. The referee's report of sale was filed on the 22d day of August, 1883. On the 27th day of May, 1884, an order was made which determined the amounts due to the respective parties. On the 5th day of April, 1886, an order was made modifying the last-mentioned order. From the last order an appeal was taken.

A motion is now made to dismiss the appeal, for the following reasons, to wit: (1) That said appeal was not taken within sixty days after the order appealed from was made and entered; (2) that no bill of exceptions or statement appears in the transcript embodying the order appealed from.

The order appealed from is a final judgment and not an order made after final judgment. The decree made on the 19th of May, 1877, in terms provided that the money realized by a sale should be paid into the court, to be applied under the directions of the court. Such an order is not a final judgment, and must be followed by an order confirming the sale. *Hastings* v. *Cunningham*, 35 Cal. 549. The order appealed from being a final judgment, no bill of exceptions was necessary. Code Civil Proc. § 280. Where the appeal is from a final judgment, a statement may or may not be annexed. That depends upon the wish of the party appealing. See section 419, Code. When such a statement has been prepared, it shall be filed with the transcript. Section 425. The judgment roll may contain all that is necessary, and a statement would be superfluous. See *Wetherbee* v. *Carroll*, 33 Cal. 549, 553.

The motion to dismiss the appeal is denied.

*Motion denied.*

WADE, C. J., and GALBRAITH, J., concur.