## BOARD OF COMMISSIONERS OF GRANT COUNTY v. M. McKINLEY.

(Filed Feb. 11, 1899.)

1. COUNTY CLERKS—*Compensation.* Section 27 of an act approved March 8, 1895, (Laws 1895, p. 135,) authorizes the county commissioners to allow the county clerk not to exceed $300 per annum for making up the tax rolls of the county. This allowance is no part of the fixed salary of the clerk, but it is a distinct compensation for a special service. The commissioners are vested with discretion to determine the amount, but this discretion cannot be exercised arbitrarily, but must be exercised with sound judgment, and does not permit them to reject in toto a claim therefor, when actual and valuable services are shown to have been performed.

2. REFERENCE—*Statute Provision.* Under section 304, Code Civ. Proc., where an issue of fact is joined, the trial of which shall require the examination of mutual accounts, the court may, upon the application of either party, or of its own motion, direct a reference; and the referee may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein. This provision is not in contravention of the seventh amendment to the constitution of the United States, which provides that in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved. Such issue was not necessarily an issue for a common-law court, but was cognizable in courts of equity.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before Jno. L. McAtee, District Judge.*

*Samuel Weston,* for plaintiff in error.

*W. H. C. Taylor,* for defendant in error.

Action by D. W. Jones against the board of county commissioners of Grant county. M. McKinley was substituted as plaintiff. Judgment for plaintiff. Defendant brings error. Affirmed.

Opinion of the court by

TARSNEY, J.: The assignments of error relied upon and argued in the brief of plaintiff in error are (1) that the court below erred in overruling the demurrer to the petition; (2) in not sustaining defendant's motion against a reference, and in referring the cause to a referee; (3) in overruling defendant's motion to set aside the report of the referee; and (4) in overruling defendant's motion for a new trial.

D. W. Jones was county clerk of Grant county during the year 1895, and employed the plaintiff to extend the taxes on the tax rolls of the county for that year. He presented to the county commissioners an account amounting to $300 for the service performed in making up said tax rolls. This account was by the board disallowed. From the order disallowing the account, Jones appealed to the district court. Subsequently Jones assigned the account to M. McKinley, the plaintiff, who had performed the service of making up said rolls. Upon her motion and affidavit setting forth the assignment, she was, on September 4, 1897, by order of the court, substituted for said Jones as party appellant in said

—9

cause. On January 12, 1898, the parties to said cause filed therein their written stipulation for the dismissal of said cause and appeal without prejudice to the rights of either party. This stipulation was filed in the clerk's office during the vacation of the court, and at the next term of court, on April 25, 1898, said cause and appeal were, in accordance with said stipulation, by the court dismissed. On January 12, 1898, this cause was commenced by plaintiff filing therein her petition, the first count thereof substantially alleging the organization and existence of the county; that, during the year 1895, D. W. Jones was the county clerk; that between the 1st day of July and the 31st day of December of that year, said Jones rendered services as county clerk to said county in extending the levy of taxes for that year; that the services so rendered were reasonably worth the sum of, $300; that on the ——— day of May, 1897, said account and claim was, for value, duly assigned to plaintiff. To this petition, defendant demurred on the ground (1) that said petition did not state facts sufficient to constitute a cause of action; (2) that plaintiff had no legal capacity to sue; and (3) that another action was pending, relating to and involving the same subject-matter, between the same parties.

I. If the county could, in law, be liable to the county clerk for the services claimed for, then the petition set forth a cause of action, and the demurrer was properly overruled. Section 27 of an act approved March 8, 1895, (Laws 1895, p. 135,) reads:

"SEC. 27. The county clerks of the several counties of this Territory shall be allowed by the board of county commissioners of the respective counties, as full compensation for their services, the following annual salary:

In counties of 5,000 inhabitants, not to exceed. $600; in counties of from 5,000 to 10,000 inhabitants not to exceed $800; in counties of from 10,000 to 12,500 inhabitants, not to exceed $1,000; in counties of over 12,500 inhabitants, not to exceed $2,000, payable quarterly. The board of county commissioners may allow the county clerk not to exceed $300 per annum for making up the tax rolls of the county, but in no case shall the county clerk receive any other or greater compensation than herein provided: provided, that the county clerk shall pay his deputy and for such assistance as is necessary to perform the duties of his office, out of such salary."

Section 36 of said act provided that:

"For the purpose of fixing the amounts to be paid to county clerks, county treasurer, probate judge, sheriff and register of deeds, the board of county commissioners shall adopt as a basis for that purpose the number of the inhabitants of their respective counties, as shown by the returns of the assessors, made in the year 1895, and each two years thereafter provided: that when any unorganized territory is attached to any county for judicial purposes, the population of such unorganized territory shall be added to the population of said county, in fixing the amount of the salary of the sheriff of said county."

By this act it was clearly contemplated that the county commissioners should during the year 1895, fix and determine the permanent salary of the county clerk for that and the succeeding year, and that each two years thereafter such salary should be thus definitely fixed and determined upon the basis stated in the thirty-sixth section of the act; and it was also clearly contemplated that any allowance made to the county clerk for making up the tax rolls should be distinct from such fixed salary. The salary is to be determined and fixed but once in two years, while the allowance for making up the tax rolls is to be made annually; and the amount thereof,

being in the discretion of the commissioners, must be determined by an annual allowance. As we construe this act, the county commissioners were required once in two years to determine what should be allowed the county clerks as an annual salary, payable quarterly, for the performance of the ordinary duties of that office; that the legislature, recognizing the fact that the making up of tax rolls involved the performance of extraordinary services, which would require extra assistance to the clerk, they gave, by this act, to the county commissioners, discretion to allow to the county clerks a sum, not to exceed $300 per annum, to pay for the necessary assistance required in making up such rolls. It being our opinion that the sum to be allowed the clerk for making up the tax rolls is distinct from his fixed annual salary, although the amount to be allowed therefor was within the discretion of the commissioners, this discretion is not arbitrary, but must be exercised with sound judgment, and does not permit them to reject in toto a claim therefor, when actual and valuable services are shown to have been performed. The plaintiff's assignor, Jones, was entitled to a reasonable allowance, not exceeding $300, for making up these tax rolls. The commissioners having refused to exercise the discretion vested in them, to determine the reasonable value of the service and to allow the same, Jones had a cause of action, which he had a right to enforce in a court of competent jurisdiction, and there to recover the reasonable value of the service performed, within the limit of the amount fixed by law; and this cause of action was assignable to, and, the petition alleges, was properly assigned to, the plaintiff herein.

There is no merit in the contention that the demurrer should have been sustained because another action was pending upon the same account between the same parties. Such fact did not appear upon the face of the petition, and, had the facts appeared upon the face of the petition, as shown in this record, still they would not have justified sustaining the demurrer. There was no other cause pending when this action was begun. True, the prior action had not been technically dismissed—that is, dismissed by order of court; but the parties had mutually stipulated for its dismissal, and nothing remained to be done, except the *pro forma* order of the court, when it should be in session. After the making of such stipulation, neither party could have taken any further action therein. The appellant could not have prosecuted her appeal, and therefore no action was pending, so that thereafter the matters involved between the parties could therein be litigated. The demurrer was therefore rightfully overruled.

II. The objection to the action of the court in sending the cause to a referee is not tenable. If the cause was not such as might properly be referred, the defendant waived all objections thereto by failing to except to the action of the court in ordering a reference. Two orders of reference were made. The first was set aside by the court on the motion of the defendant, showing that the defendant was not present by counsel when it was made. Thereupon the court made another order, referring the cause to a different referee. The defendant was then present by its counsel, and the record fails to show any objection or exception by the defendant to this last order. On the hearing before the referee, the defendant objected to the referee proceeding, for want of juris-

diction, asserting that the cause was not one properly referable, and also made divers other objections to the ruling of the referee relating to the admissibility of testimony, and excepted to such rulings. But no bill of exceptions was made, allowed, or signed by the referee; none of the testimony was preserved in a bill of exceptions and brought into this record, as required by law. So, that, if there were any merit in the proposition of counsel that the case was not a proper one, and that the defendant was entitled to a trial of the issue before the court and a jury, we could not review the same for the purpose of determining in defendant's favor. But this case was a case proper for reference. The answer set up that before the commencement of this action, and before Jones had made any assignment to the plaintiff of the account sued on, the defendant had paid the said Jones the sum of $1,000 in excess of all that was due and owing to him; that such overpayment arose from allowances of excessive amounts claimed as salary and for fees. The trial of this issue involved an examination of the mutual accounts between said Jones and the county, involving all items of fees earned by him for which he was accountable to the county, and all allowances made and paid him by the county.

Section 304 of our Code of Civil Procedure (St. Okla. 1893, sec 4182) provides:

"When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in either of the following cases: Where the trial of an issue of fact shall require the examination of mutual accounts, or when the account is on one side only, and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the acount; in which case the referees may be directed to hear and report

upon the whole issue, or upon any specific question of fact involved therein." * *

This case was clearly within this statute, as we have shown that the answer of the defendant tendered an issue necessarily involving the examination of mutual accounts. The constitutionality of this act was assailed by counsel as being in contravention of the seventh article of the amendments to the constitution of the United States. But this court has held directly to the contrary of this contention. In *Van Trees v. Territory*, 7 Okla. 353, 54 Pac. 495, Mr. Justice Hainer, speaking for the court as to the two classes of cases first specified in this section of the statute, said: "These two classes include the same matter formerly cognizable in courts of equity, and in such cases the parties were not entitled, as a matter of right, to a trial by jury. (Story, Eq. Jur. secs. 437, 459; *McMartin v. Bingham*, 27 Iowa, 236.) And the refusal to submit the case to a jury was not in contravention of the seventh article of amendment to the constitution of the United States, which provides that, 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' (Story, Const. 1768; *Edwards v. Elliott*, 21 Wall, 532; *Light v. Bank*, 2 Okla. 543, 37 Pac. 1075.")

We think there was no error, therefore, upon the issue as presented by the pleadings in this case, in the court sending the same to a referee.

As the other assignments of error involve only the questions which we have already considered, we find no reason for disturbing the judgment of the court below. It is therefore affirmed.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.