B. J. CONLEY AND J. C. CALDWELL V. H. N. HORNER AND
E. W. HILL.

(Filed June 30, 1900.)

ACCOUNTING—*May be Referred.* Under section 304 of our civil code,
where it appears to the court from the pleadings that a determina-
tion of the cause involves an accounting and a settlement of part-
nership business, the court is authorized in referring the cause to a
competent referee on its own motion, and without the consent of
the parties.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before
Jno. L. McAtee, District Judge.*

*P. S. Nagle,* for plaintiffs in error.

*Bradley & Bradley,* for defendants in error.

Opinion of the court by

HAINER, J.:    This was an action brought in the dis-
trict court of Kingfisher county July 5, 1894, by E. W.
Hill as plaintiff, against H. N. Horner, B. J. Conley and J.
C. Caldwell as defendants, involving a certain partner-
ship contract between said parties which the plaintiff al-
leges was entered into between all of said parties as a
partnership, under the firm name and style of Conley &
Caldwell, for the purpose of constructing an extension to
the water works system of the city of Kingfisher. The
plaintiff asked for an accounting and a settlement of the
partnership affairs between said parties, and a judgment
against his co-partners, Horner, Conley and Caldwell.

It appears from the record that on the 17th day of April, 1985, and after the defendants had filed their respective answers, and it appearing to the court that this action involved an accounting and settlement of partnership business, the cause was referred by the court to Newton Burwell, Esquire. No objection was made by either of the parties to this reference, and no exception reserved in the record.

The first error assigned and referred to by the plaintiffs in error in their brief, is that the court had no authority to refer said cause. No argument is made by counsel in his brief to support said statement, and no authorities are cited. No objection having been made by counsel at the time the reference was made, and no exception reserved, it will not be reviewed by this court. However, an examination of their record clearly discloses the fact that the cause involved an accounting and a settlement of partnership business.

Under sec. 304 of our civil code, where it appears to the court from the pleadings that a determination of the cause involves an accounting and a settlement of partnership business, the court is authorized in referring the cause to a competent referee on its own motion, and without the consent of the parties. (*Van Trees v. Territory of Oklahoma*, 7 Okla. 333; *Grant County v. McKinley*, 6 Okla. 128.)

The next error referred to by counsel in his brief, is that the court erred in rendering judgment against Conley & Caldwell as a partnership. It is sufficient answer to this question to say that Conley and Caldwell averred in their answer that they were partners, and the referee so found.

There being no error in the record, the judgment of the district court is affirmed at the costs of the plaintiffs in error. The clerk of the supreme court will issue a mandate to the district court of Kingfisher county in conformity with this opinion.

McAtee, J., who presided in the court below, and Burford, C. J., not sitting; all of the other Justices concurring.