## GRAINOLA STATE BANK v. SHELLENBERGER.

No. 9950—Opinion Filed April 12, 1921.

(Syllabus.)

1. **Reference — Right to Refer — Action for Usury—Examination of Accounts.**

Record examined, and held that the pleadings and evidence disclosed a case wherein the trial of an issue of fact required the examination of mutual accounts, and which was therefore referable under section 5019, Rev. Laws 1910.

2. **Same — Penalty for Usury — Nature of Action.**

An action for a penalty imposed, not to punish the act as an offense, but for the compensation of the party aggrieved, is a civil action and referable.

Error from District Court, Osage County; R. B. Boone, Judge.

Action by Bert Shellenberger against the Grainola State Bank to recover penalty for usury. Judgment for plaintiff, and defendant brings error. Affirmed.

Leahy, MacDonald, Burnette & Files, for plaintiff in error.

J. M. Worten, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the recovery of the sum of $2,500, said sum being twice the amount alleged to have been collected by the defendant from the plaintiff as usurious interest contrary to the statute.

Over the objection of the defendant the trial court appointed a referee to hear the cause, upon whose findings of fact and conclusions of law judgment in favor of the plaintiff was rendered.

There is but one assignment of error presented for review, and that is that the trial court committed error in referring the cause. The statute under which the trial court exercised authority to appoint a referee is section 5019, Rev. Laws 1910, which provides as follows:

"When the parties do not consent, the court may upon the application of either, or of its own motion, direct a reference in either of the following cases: Where the trial of an issue of fact shall require the examination of mutual accounts, or when the account is on one side only, and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account; in which case the referees may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein; or where the taking of an account shall be necessary for the information of the court before judgment, in cases which may be determined by the court, or for carrying a judgment into effect, or where a question of fact other than upon the pleadings, shall arise, upon motion or otherwise, in any stage of an action."

Counsel for defendant say, as there was no issue of fact joined which required an examination of mutual accounts between the parties and it does not appear that the case comes within that class of cases intended to be covered by the statute where it is necessary to examine the opposing party as a witness, it was error to appoint a referee. We are unable to agree with this contention. The transaction out of which this cause of action arose covered a period of several years, and

seems to us to require the examination of mutual accounts in order to reach a just conclusion as to the amount due. The plaintiff alleged, in substance, that he borrowed $1,900 from the defendant with the understanding that the loan was to run for two or three years; that to represent this indebtedness he executed two promissory notes for $1,060 each, falling due in July, 1913, each to draw 10 per cent. per annum interest thereon after maturity; that the excess over $1,900 written into the face of said notes, amounting to $220, was charged as interest upon the money which he had borrowed for the first six months before maturity, which was largely in excess of 10 per cent. and therefore usurious. Thereafter the plaintiff alleges numerous payments, both principal and interest, and numerous renewals of the notes, which evidenced the original indebtedness. These payments were in various sums, ranging from $19 to $250, and extending over a period of three or four years. The petition closes as follows:

"Plaintiff states that other payments of interest and principal, than those set out herein have been made upon his various notes, and taken and charged as interest upon the same, the exact amount he cannot state, but at least in the sum of $1,250.00 when taken together with the amounts stated, all of which defendant has charged, received and kept, and on account thereof this plaintiff is entitled to recover of the defendant double the said amount, in the sum of $2,500, together with reasonable attorney fees."

The answer was, in effect, a general denial. It seems to us that these pleadings present an issue of fact requiring the examination of mutual accounts. Surely a court or a jury would have had great difficulty in determining the amount due the plaintiff, as the inquiry was principally a matter of computation involving an examination of the books of the bank over a considerable period of time.

References in similar cases have been upheld in Kansas, where the statute is precisely the same as our own. Weakley et al. v. Cherry Township, 62 Kan. 877, 63 Pac. 433, was an action against a township treasurer and his bondsmen, It was held that where, in an action against a township treasurer and his bondsmen, a jury would have had great difficulty in determining the amount of the indebtedness of the treasurer to the township, because of voluminous book accounts, it was proper to appoint a referee.

Abbott v. Arkansas City B. & L. Ass'n, 63 Kan. 888, 66 Pac. 1041, was an action upon a note and to foreclose a mortgage given to secure the same. The defense was that the

note was paid. It was held that, inasmuch as ascertaining whether the note had been paid involved an inquiry into a long line of accounts between mortgagors and the association, consisting of small items, payments, fines, interest, etc., there were mutual accounts existing between the parties within the contemplation of the statute, and therefore a reference was proper.

And this court has held that:

"The granting of an order directing the reference of a case is within the sound discretion of the trial court, and will not be inquired into here, unless it affirmatively appears that there was a gross abuse of discretion." Johnson v. Jones et al., 39 Okla. 323, 135 Pac. 12.

That this is an action for the recovery of a penalty is immaterial. The general rule is that an action for a penalty imposed, not to punish the act as an offense, but for the compensation of the party aggrieved, is a civil action and referable. 34 Cyc. 779.

For the reasons stated, the judgment of the court below is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.