## ALLEN v. ALLEN.

No. 11595—Opinion Filed March 21, 1922.

(Syllabus.)

1. **Reference—Appointment of Referee—Statutory Provisions.**

The authority of a trial court to appoint a referee to take evidence, make findings of fact, and conclusions of law, is derived from our statutes, and such provisions are included in sections 5018 and 5019, Rev. Laws 1910, and the provisions of the statute pertaining to the method and manner of the appointment of a referee must be complied with; otherwise, such appointment is not legal and such referee has no authority to act.

2. **Appeal and Error—Disposition of Cause —Reversal in Part.**

It is in the power of the Supreme Court to reverse a judgment in part and affirm it in part where said judgment is severable and the parts are separated and not interwoven. (Davis v. Mimey, 60 Okla. 244, 159 Pac. 1112; Citizens' State Bank v. Strahan, 59 Okla. 215, 158 Pac. 378.)

Error from District Court. Lincoln County; Hal Johnson, Judge.

Action by Dillie Allen against W. H. Allen for divorce. Judgment for plaintiff, and defendant brings error. Reversed in part, and affirmed in part.

Jarrett & Speakman, for plaintiff in error.

Charles Besley, for defendant in error.

F. A. Rittenhouse, protestant.

ELTING, J. This suit was commenced in the district court of Lincoln county, Okla., by Dillie Allen, plaintiff below, defendant in error herein, against W. H. Allen, defendant below, plaintiff in error herein, by a verified petition filed by Dillie Allen on September 29, 1919. Same was a proceeding wherein the plaintiff sought divorce against the defendant, and also asked for temporary alimony, and also asked that a certain farm consisting of 160 acres, occupied by the plaintiff and her minor children, be set apart to her as permanent alimony.

Said matter appears to have been referred to a referee, and on the 9th day of March, 1920, the report of the referee came up for confirmation of the court upon motion of the plaintiff below, defendant in error, and also the exceptions and objections by the defendant below, plaintiff in error, to said report, and a divorce was granted on the grounds of cruelty and gross neglect of duty, and the plaintiff was awarded the custody of the two children, and also there was awarded to the plaintiff a one-half interest in the 160 acres of land for the support of herself and children and as permanent alimony, subject to all valid mortgages and liens, and adjudged that W. H. Allen, defendant below, plaintiff in error, pay the costs of the suit, including the attorneys' fee of $200 allowed the plaintiff's attorneys, F. A. Rittenhouse and Joseph Cerny, and that said costs and attorneys' fee be collected by issuance of execution in the same manner as judgment at law. To which judgment the defendant, W. H. Allen, excepted; motion for new trial filed and overruled, and notice of appeal given, and appeal filed in this court.

W. H. Allen, plaintiff in error, filed a brief in support of his petition in error, and on February 17, 1922, the defendant in error, through her attorney, filed an answer to the brief of the plaintiff in error and a confession of error in words and figures as follows, omitting the caption:

"We have read the brief of plaintiff in error and have made thorough examination of the record and of the facts in this case. Up-

on that examination, we are convinced that the trial court committed reversible error by referring this case to a referee without the written consent of the parties or their oral consent in open court and written upon the journal.

"Having fairly arrived at this conclusion, the defendant in error hereby confesses the second and fourth assignments of error in the petition in error filed herein, and joins in the prayer of the plaintiff in error that the cause be remanded to the trial court, with directions that a new trial be granted."

In said confession of error the defendant joins in the prayer of the plaintiff in error for reversal of said cause for errors confessed.

On February 21, 1922, F. A. Rittenhouse filed a written protest, objecting to the reversal of said cause, he having first received permission of this court to appear herein and defend whatever interest he might have in said judgment, and in said protest, in substance, alleges that W. H. Allen and Dillie Allen, plaintiff in error and defendant in error, have resumed their relation of husband and wife, and that the brief of the plaintiff in error and the confession of error filed by the defendant are for the purpose of evading payment of the attorneys' fee in the sum of $200 allowed the said F. A. Rittenhouse and Joseph Cerny by the trial court, and asks that the appeal in this cause be dismissed unless the said W. H. Allen pays to the said attorneys the sum of $200. There appears to be no response to said protest filed in this court.

The grounds covered by the assignments of error which are confessed in the confession of error seem to be the error of the trial court in referring the matter to a referee without the written consent of the parties or their oral consent given in open court and entered upon the journal as provided in section 5018, Rev. Laws 1910. and no such written consent of the parties was shown, and no oral consent in court appearing to have been entered upon the journal, and the nature of this cause not being such as the trial court can refer to a referee upon his own motion as provided in section 5019, Rev. Laws 1910, and this being statutory it appears to go to the jurisdiction and authority of the referee to act.

The rule controlling such case is stated as follows in 34 Cyc. 778:

"Compulsory Reference—1.—In General. Ordinarily the court has no power to order a compulsory reference to hear and determine all or any of the issues or questions of fact except where authorized so to do by statute."

This ...ssignment of error appearing to have been set forth in the motion for a new trial and exceptions to the ruling of the court thereon properly saved, the grounds for reversal seem to be amply sustained.

The trial court appears to have entered judgment for attorneys' fee in the sum of $200 against W. H. Allen, defendant below, plaintiff in error herein, in favor of F. A. Rittenhouse and Joseph Cerny, attorneys for plaintiff below, defendant in error herein, and we conclude that said attorneys' fees are probably reasonable, and since allowed by the trial court, and it not being contended that they are unreasonable, the same should be upheld by this court as decreed by the trial court.

It is in the power of this court to reverse and remand a judgment in part and affirm the judgment in part, where said judgment is severable and the parts so separated not being so interwoven and their interests so united that the judgment affects all alike. See Davis v. Mimey, 60 Okla. 244, 159 Pac. 1112; Citizens' State Bank v. Strahan, 59 Okla. 215, 158 Pac. 378.

The portion of the judgment awarding attorneys' fees as a part of the costs is upheld, and the judgment in all other particulars is reversed and remanded for a new trial.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, and NICHOLSON, JJ., concur.