IOWA PUBLIC SERVICE COMPANY, appellant, v. CITY OF SIOUX CITY and members of city council, appellees.

No. 50252.

(Reported in 107 N.W.2d 109)

January 11, 1961.

Sifford & Wadden, of Sioux City, and Barnes, Wadsworth, Elderkin, Locher & Pirnie, of Cedar Rapids, for appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellees.

THORNTON, J.—The question presented here is the propriety of the reference of this case to a "master" under rule 207, Rules of Civil Procedure. The question arises on the trial court's order referring the case to a master and appointing a master on its own motion, and the overruling of plaintiff's motions to revoke the order of reference and cancel the appointment.

The case comes here on plaintiff's appeal, granted by us, under rule 332, Rules of Civil Procedure. The action is in equity for an injunction to restrain defendant City and its officers from enforcing its gas rate ordinance as being unreasonable and confiscatory and depriving plaintiff of its property without due process of law and without just compensation in violation of Iowa Constitution, Article I, section 9. A temporary injunction has been in effect for a year.

The trial court on September 16, 1960, on its own motion without application, entered an order of reference in pertinent part as follows: "* * * and the Court, having examined the file herein, having heard the arguments of counsel for the respective parties upon the issues at the times of hearings had upon the petition of the plaintiff for injunction filed herein on December 29, 1959, and upon the Motions to Vacate and Dissolve Temporary Injunction filed January 14, 1960; having in addition, on September 6, 1960, fully discussed with counsel for both parties, and having knowledge of, the issues involved in the trial hereof and the nature and extent of the evidence to be adduced by both parties, and being well and fully advised, FINDS:

"That it has been shown that exceptional conditions herein

require the appointment of a Master, and that this matter should be referred to a Master for trial hereof as authorized by Rule 207 of the Iowa Rules of Civil Procedure.

"It is, therefore, ordered, adjudged and decreed by the Court that this cause be, and it is hereby, referred * * *."

Plaintiff's motions to revoke the order of reference and to cancel the appointment were overruled.

Plaintiff urges for reversal here (1) the trial court does not have the power to order a reference on its own motion; (2) the reference would deny a review de novo in this court; (3) exceptional conditions requiring it are neither shown nor present in this case; and (4) points out historically in Iowa utility rate cases such as this are tried by the courts.

The defendants state they are not particularly concerned whether there is a reference or not. Their concern is that the case be disposed of as expeditiously as possible. For affirmance they urge utility rate cases are extremely complicated and involve extensive expert testimony in matters of engineering, construction, costs, accounting, income tax, depreciation and reasonable return and such constitute a showing of exceptional conditions requiring it as provided in rule 207. In addition defendants urge plaintiff's propositions (1) and (2) are untenable.

I. Plaintiff's first contention, the trial court does not have the power to refer a case on its own motion, is not sound.

Since the adoption of the Iowa Rules of Civil Procedure in 1943 reference is governed by rules 207 to 214, both inclusive. Our former statutes, sections 11520 to 11535, Code of Iowa, 1939, are superseded by the present rules. Our rules as to reference are largely based on Federal rule 53. There are points of divergence but where the provisions are similar Federal cases are persuasive. 2 Cook, Iowa Rules of Civil Procedure, Rev. Ed., 496; and Nelson v. Barnick, 245 Iowa 982, 63 N.W.2d 911.

Iowa rule 207, in pertinent part, provides: "* * * On a showing of exceptional conditions requiring it, the court may appoint a master as to any issues not to be tried to a jury. * * *"

Federal rule 53(b) is, in pertinent part: "* * * in actions

to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

The rules are similar, each requiring a showing of exceptional conditions requiring a reference.

Plaintiff does not cite any Federal authorities holding the court does not have such power on its own motion and we have found none. We believe on examination our rule 207 does not require such holding. Plaintiff argues because under our former statutes, now superseded, the trial court had such power we must assume the present rules were deliberately phrased to take such power away. This does not necessarily follow. We believe the controlling factor is, "a showing of exceptional conditions requiring it." This view finds support in Howes Leather Co. v. La Buy, 7 Cir., 226 F.2d 703, and in La Buy v. Howes Leather Co., 352 U. S. 249, 77 S. Ct. 309, 1 L. Ed.2d 290, affirming the Court of Appeals. In these La Buy cases the district court on its own motion referred antitrust suits pending before it. This fact is mentioned both in the opinion of the Court of Appeals and the Supreme Court, but the decision in each instance turned on the failure to show exceptional conditions requiring the reference as provided in the rule.

II. Plaintiff's second contention, the reference would deny it a trial de novo on appeal to this court, we believe is answered in Nelson v. Barnick, 245 Iowa 982, 987–990, 63 N.W. 2d 911. The claim is the Rules of Civil Procedure indicate when a case is referred the court is limited to a determination only as to whether or not there is competent evidence to support the master's findings and cannot in equity review the case de novo. It is claimed some of the language of Nelson v. Barnick, supra, indicates this. Plaintiff also bases this argument on a portion of a sentence of rule 214 and the last sentence of rule 179(b).

The pertinent parts of our rules are:

"334. Scope of Review. Review in equity cases shall be de novo. * * *."

"179. Findings by court.

"(a) * * * Findings of a master shall be deemed those of the court to the extent it adopts them.

"(b)  * * * But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding, without having objected to it by such motion or otherwise."

"214.  * * * The court shall accept the master's findings of fact unless clearly erroneous [in argument, plaintiff stops here, but the rest of the rule has applicable meaning] ; and may adopt, reject or modify the report wholly or in any part, or recommit it with instructions."

Federal Rule of Civil Procedure 53(e)(II) is similar to our rule 214. It provides in part:

"In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. * * * The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

Rule 334 deals with the scope of review and places the burden on this court to review all equity cases de novo, not just those not referred. To a like effect see section 624.4, Code of Iowa, 1958.

Rule 179(a) deals with findings by the court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, and provides the court shall find the facts in writing, separately stating its conclusions of law. A request for findings is specially made not necessary for purposes of review. And it finally provides the findings of a master shall be deemed those of the court to the extent it adopts them.

In rule 214 the court has not only the power to adopt but to reject or modify the report wholly or in any part, or recommit the case with instructions. The trial court has the power to act on the report. Action can be forced by either party by filing an application or objections as provided in rule 214. When the court acts on the report we then have the court's findings because it either adopted those of the master, rejected or modified them. All the last sentence of rule 179(a) does is to make the findings of the master those of the court when adopted. To give effect to a master's findings there must be action by the court.

Rule 179(b) merely provides for the enlarging or amending of the findings and judgment on motion and within what time,

and provides a party may raise the question of the sufficiency of the evidence to sustain any finding without having so raised it in the trial court. However, we see nothing in this rule precluding full de novo review. It is directed to a different purpose.

■ The meaning and effect of the provision of rule 214 providing the court shall accept the master's findings of fact unless clearly erroneous we believe is adequately discussed in Nelson v. Barnick, supra. A large number of Federal authorities are there discussed and quoted with approval. It is clear, as there expressed, it is the duty of this court to review the evidence before the master in an equity case to determine whether the findings adopted by the court are clearly erroneous. And in so doing we are not limited to considering whether there is sufficient evidence to sustain the findings but we consider the entire record and can either adopt, reject, or modify the findings and report.

■ ■ Since the Nelson opinion there is a subsequent expression as to the meaning and effect of the Federal rule by the Court of Appeals for the Fourth Circuit in United States v. Twin City Power Co., 248 F.2d 108. At page 112 of 248 F.2d the court said:

"* * * It was the purpose of the rule, where there is a trial without a jury, to place ultimate responsibility for the findings of fact upon the judge. Where there has been a reference to a master, the master's findings are entitled to special weight because he has seen and heard the witnesses but they are not given the effect of a verdict by a jury. The language of the rule is that the court shall accept the master's findings unless clearly erroneous. This is manifestly a guide to be followed in the exercise of the discretion vested in the District Judge, not a limitation upon his power."

The above properly expresses the effect of "clearly erroneous." A reference in an equity action does not deny a trial de novo here.

III. We have not heretofore passed on the principal matter before us. That is, is there a showing of exceptional conditions requiring a reference of this utility rate case?

■ The general rule is reference should be the exception and not the rule. Nelson v. Barnick, 245 Iowa 982, 63 N.W.2d 911; and La Buy v. Howes Leather Co., 352 U. S. 249, 77 S. Ct.

309, affirming Howes Leather Co. v. La Buy, 7 Cir., 226 F.2d 703. And cases may only be referred in conformity with the governing rule or statute. Keese v. Parnell, 134 S. C. 207, 132 S.E. 620; Tietzel v. Southwestern Construction Co., 43 N. M. 435, 94 P.2d 972, 126 A. L. R. 307; and Durwood v. Dubinsky, Mo., 291 S.W.2d 909.

■ The order of the trial court above set out shows only the trial court had examined the file, heard arguments relative to the temporary injunction, discussed the case with counsel and had knowledge of the issues involved and the nature and extent of the evidence. We do not believe the recitation in the order amounts to a showing of the facts and matters, if any, which the trial court found to constitute exceptional conditions requiring the reference. It is a legal conclusion only that such exist. Creglar v. Hyde, Tex., 280 S.W.2d 783.

■ However, giving the effect to the order suggested by counsel that the issues are complex, extensive expert testimony is involved, length of trial, and congested condition of the trial calendar, we hold these do not constitute exceptional conditions requiring a reference. These conditions are in no way exceptional in utility rate cases nor in any number of other types of cases. If these are exceptional conditions trial courts could refer any case where it might be said the issues are complex and there would be an extended trial.

In the La Buy cases, supra, both the Court of Appeals for the Seventh Circuit and the Supreme Court of the United States held complexity of the issues, length of time of trial, and congestion of the trial calendar did not constitute exceptional conditions within the meaning of Federal rule 53(b). In the course of its opinion the Supreme Court said at page 259 of 352 U. S., page 315 of 77 S. Ct.: "* * * for in addition to calendar congestion he alleges that the cases referred had unusual complexity of issues of both fact and law. But most litigation in the antitrust field is complex. It does not follow that antitrust litigants are not entitled to a trial before a court. On the contrary, we believe that this is an impelling reason for trial before a regular, experienced trial judge rather than before a temporary substitute appointed on an ad hoc basis and ordinarily not experienced

in judicial work. Nor does petitioner's claim of the great length of time these trials will require offer exceptional grounds."

It should be noted that historically utility rate cases are tried to the court and not referred in Iowa. Iowa-Illinois Gas & Electric Co. v. City of Fort Dodge, 248 Iowa 1201, 85 N.W.2d 28; Pell v. City of Marshalltown, 241 Iowa 106, 40 N.W.2d 53; Town of Woodward v. Iowa Railway & Light Co., 189 Iowa 518, 178 N.W. 549; Cedar Rapids Gas Light Co. v. City of Cedar Rapids, 144 Iowa 426, 120 N.W. 966, 138 Am. St. Rep. 299, 14 L. R. A., N. S., 1025; and Cedar Rapids Water Co. v. City of Cedar Rapids, 118 Iowa 234, 91 N.W. 1081.

Defendants point out the expert testimony involved here is in fields of engineering, costs, depreciation and taxation, and is accounting of the most complicated nature. This is true, but this is not a matter of account, or the accounting contemplated as, in proper cases, being such as constitutes exceptional conditions for reference. Rather it is determining the amount due and owing from one party to the other as in Nelson v. Barnick, 245 Iowa 982, 63 N.W.2d 911.

The order of the trial court overruling the motion to revoke the order of reference is reversed, the order referring the case and appointing the master is revoked, and the case is remanded with directions to expedite the trial.

The costs are taxed to defendants-appellees, except printing costs incurred by plaintiff in excess of $1.50 per page.—Reversed and remanded.

All JUSTICES concur.