Gail M. LEE, Petitioner,

v.

The Hon. Jon L. HESTER, Special Judge of the District Court of Oklahoma County, Oklahoma, Respondent.

Charles Olin MOHR, Petitioner,

v.

The Hon. John M. AMICK, District Judge and the Hon. Charlie Y. Wier, Associate District Judge of the District Court of Oklahoma County, Oklahoma, Respondents.

Nos. 55966, 56053.

Supreme Court of Oklahoma.

March 2, 1982.

Karen A. Pepper Mueller, Carson, Rayburn & Hirsch, Oklahoma City, for petitioner Gail M. Lee.

Hal S. Whitten, Jr., Oklahoma City, for petitioner Charles Olin Mohr.

OPALA, Justice:

The issue here is whether contested matrimonial suits may be routinely and indiscriminately referred to a special judge for resolution of *all* issues.

The divorce cases which gave rise to the proceeding before us were initially assigned to a special judge. When the assignment came under challenge based on the statutory limitation, in 20 O.S.Supp.1978 § 123 A,[1] upon a special judge's adjudicative authority, they were transferred out. The same special judge was then re-assigned to the cases as "referee". He was ordered to hear the evidence and report *all* factual issues to one of the district judges. The parties objecting to the reference now seek a writ prohibiting the challenged special judge's deployment *qua* referee in these contested domestic cases. The respondents urge that the challenged *reference is authorized by* 20 O.S.Supp.1978 § 123 B.[2]

---

**1.** The terms of 20 O.S.Supp.1978 § 123 A provide in pertinent part: "Special judges may hear the following actions: * * * (7) Any uncontested matter at any stage, whether intermediate or final, in a probate, divorce, domestic relations, custody or support, guardianship, conservatorship, or determination of death proceeding, except that nonlawyer special judges may not hear such matter. * * * "

**2.** The terms of 20 O.S.Supp.1978 § 123 B provide: "Special judges shall be authorized to serve as referee in any matter before the dis-

We hold that although special judges may be used in contested matrimonial disputes as referees to aid the court with resolution of complex valuation or accounting issues, their routine and indiscriminate deployment for unrestricted reference of all issues in such disputes contravenes the clear command of 20 O.S.Supp.1978 § 123 A and the accepted equity practice under the statutes. It should be prohibited as an unauthorized use of judicial force.

## I.

### THE CHALLENGED ORDER OF REFERENCE IS IMPERMISSIBLY OVERBROAD

■ Compulsory reference is not inappropriate as an aid to the judge in resolving—within the context of an equitable matrimonial dispute—complex issues of accounting or valuation.[3] In the absence of a contrary command in our fundamental or statutory law, courts have the power to avail themselves of devices necessary to the efficient performance of their constitutionally-mandated duties.[4]

Oklahoma has no cogent precedent inhibiting compulsory references of complex accounting or valuation issues in a matrimonial case. *Allen v. Allen*[5]—the authority invoked here to secure this court's approval for a blanket *per se* condemnation of compulsory references in divorce cases—is not to be regarded as a correct exposition of this state's present-day jurisprudence.

*Allen* was a divorce appeal decided on a confession of error. The vice of our pronouncement in that case lies in uncritically following a first-generation American legal encyclopedia's statement of the applicable national doctrine. The encyclopedic text singled out divorce-case references as universally inappropriate and condemned. This overlooked, of course, the English chancery practice and its continued survival in many states in a form that is largely unrestricted by statute. Oklahoma is most surely among those states.[6] Another prob-

trict court and to serve as referee in cases on the juvenile docket with the approval of the judge regularly assigned to the juvenile docket and the chief judge of the district court."

3. The terms of 12 O.S.1971 § 613 provide in pertinent part: "When the parties do not consent, the court may ... of its own motion, direct a reference in either of the following cases: Where the trial of an issue of fact shall require the examination of mutual accounts, or when the account is on one side only, and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account; in which case the referees may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein; or *where the taking of an account shall be necessary for the information of the court before judgment, in cases which may be determined by the court ..."* [emphasis ours].

4. *Rand v. Nash,* 174 Okl. 525, 51 P.2d 296, 297 [1935].

5. 85 Okl. 240, 205 P. 504 [1922].

6. Our statutory law appears to give recognition to the traditional use of "masters" in equity: (a) in restraint of trade proceedings, under 79 O.S.1971 § 23, the court is authorized to appoint a "master in chancery ... in its discretion, to receive evidence ... and to have findings of fact made thereon..."; (b) under the marketable record title act, 16 O.S.1971 § 78(f), a title transaction is defined as any transaction affecting title to any interest in land, including *inter alia,* a referee's or master in chancery's deed and (c) in proceedings under the Oklahoma Consumer Protection Act, 15 O.S.Supp. 1980 § 756.1(C)4, the court may appoint "a master ... whenever it ... appear that the defendant ... is about to remove, conceal or dispose of property ...".

Other statutes indicating legislative sanction of reference practice are: *Compulsory References:* (1) In a suit to determine water rights, under 82 O.S.1971 § 29, "the court may appoint a referee or referees ... to take testimony and report upon the rights of the parties, *as in other equity cases."* [emphasis supplied]. This section implicitly makes imposition of reference subject to judicial discretion. This section now stands repealed. Okl.Sess.Law 1972, c. 256 § 33. (2) 10 O.S.1971 § 1126 (juvenile process); (3) 12 O.S.1971 § 613 (accounting issues); (4) 12 O.S.1971 §§ 857, 858, 859, 861 (in aid of execution); (5) 12 O.S.1971 § 1460 (mandamus); (6) 18 O.S.1971 § 1.185 (liquidation of corporation); (7) 67 O.S.1971 §§ 46 and 63 (restoration of records). *References by Unilateral Consent:* (1) 12 O.S.1971 § 688 (after default and resolution of law issues) and (2) 12 O.S.1971 § 1238 (garnishment). *References by Bilateral Consent:* 58 O.S.1971 §§ 348, 349 (claims against the estate).

lem with *Allen* today is that it was reached for decision some forty-five years before our district court came to be reconstituted as an omni-competent tribunal of first instance with "unlimited" cognizance.[7] The current sweep of district court's power no longer can be said to hinge on the presence of some specifically tailored legislative grant.

The only Oklahoma case that cites *Allen* with approval is *North v. Byrnes.*[8] *North* —an action at law—has no precedential force on the precise point before us here. It can give the aberrational *Allen* doctrine neither strength nor support. Because reference of complex accounting or valuation issues tendered in an equitable domestic dispute is permissible and hence is a fit subject for compulsory imposition—and because our present-day district court is vested with unlimited equitable cognizance— *Allen* can no longer be regarded as an effective barrier to *every form* of nonconsensual reference in matrimonial litigation.

Our conclusion is that the compulsory reference order under challenge here is impermissibly overbroad because (a) it allows unrestricted reference of the whole case and (b) it is not predicated upon the presence in the case of complex issues of accounting or valuation.

## II.

### THE DISTRICT COURT PRACTICE OF MAKING ROUTINE AND INDISCRIMINATE REFERENCES TO SPECIAL JUDGES OF ALL ISSUES IN A DIVORCE CASE IS IMPERMISSIBLE

Routine and indiscriminate use of special judges for unrestricted reference of contested matrimonial disputes contravenes both the clear command of § 123 A[9] and the accepted equity practice under our stat-

---

7. Art. 7 § 7(a), Okl.Const. [1967].

8. 183 Okl. 321, 82 P.2d 678, 680 [1938], 117 A.L.R. 1269.

9. Supra note 1.

utes. Prohibition will lie to arrest unauthorized application or excessive use of judicial force. *State v. Evans*, Okl., 319 P.2d 1112, 1116 [1957]. The writ is accordingly granted; respondents are prohibited from assigning special judges to serve as referees in contested matrimonial disputes unless the spousal estate in suit and to be reached for division should consist of numerous items of property on which value must be placed, or present in the case are some other complex issues of accounting or valuation.[10] Whenever these adjudicatory elements be found in a controversy, special judges may be used to assist the court in resolving the issues properly to be referred.

Writ issued.

After WILLIAMS, J., had certified his disqualification, the Chief Justice designated Honorable LESTER REYNOLDS to sit by assignment as special justice in this case.

IRWIN, C. J., BARNES, V. C. J., DOOLIN and HARGRAVE, JJ., and REYNOLDS, Special Justice, concur.

HODGES, LAVENDER and SIMMS, JJ., concur in result.

SIMMS, Justice, concurring in result:

While I concur in the result of the majority opinion—that a writ of prohibition should issue to stop this unauthorized abdication of judicial duty—I disagree with its reasoning.

The majority bases its decision on the underlying premise that in equitable matters, compulsory reference is a discretionary power of the court. It sees this power as "inherited" from ancient chancellors and still existing as before, except where specifically restricted by statute. From this perspective, the majority finds the compulsory references before us unacceptable because they contravene "accepted equity practice" and 20 O.S.Supp.1978, § 123A. I disagree.

---

10. Our holding here is not to be viewed as an implied authority for making unlimited references, in divorce cases, to persons other than special judges. In *all* matrimonial suits, references must be limited to accounting or valuation issues of some complexity.

The power of compulsory reference is purely statutory. Title 12 O.S.1971, § 613 governs compulsory reference. It governs all actions whether at law or in equity, which are not otherwise controlled by specific statute.

Compulsory reference statutes are exclusive. There are no powers of reference independent of statutes. Whether the majority's view of the historical origin of this "inherited" power is correct or not, the power is now clearly limited by the confines of statute. There is no separate power of compulsory reference in "equity practice."

We have consistently recognized the rule that in all actions, equitable or legal, the power of the court to order a reference over the parties' objections is governed exclusively by statute.[1]

*Allen v. Allen*, 85 Okl. 240, 205 P. 504 (1922), is controlling here. There also the trial court referred a divorce matter without consent of the parties. In reversing that action, it is true, as the majority points out, that the *Allen* court did not go into great historical detail on the subject of compulsory reference. It appears obvious to me that the court saw no need to do so, as it was a recognized fact at that time (and has remained so until this day) that in all actions, the power to refer by compulsion is derived from statute and the grounds are exclusively statutory.

The syllabus by the court states:

1. See, e.g., *Van Trees v. Territory*, 7 Okl. 353, 54 P. 495 (1898); *Board of Com'rs. v. McKinley*, 8 Okl. 128, 56 P. 1044 (1899); *Conley v. Horner*, 10 Okl. 277, 62 P. 807 (1900); *Hammer v. Rogers*, 21 Okl. 367, 96 P. 611 (1908); *Johnson v. Jones*, 39 Okl. 323, 135 P. 12 (1913); *Hale v. Marshall*, 52 Okl. 688, 153 P. 167 (1915); *Frear v. State*, 76 Okl. 213, 184 P. 771 (1919); *Grainola Bank v. Shellenberger*, 81 Okl. 204, 197 P. 436 (1921); *Grainola Bank v. Whitson*, 81 Okl. 206, 197 P. 437 (1921); *Patton v. First Natl. Bank & Trust of Muskogee*, 176 Okl. 453, 56 P.2d 1181 (1936); *North v. Byrnes*, 183 Okl. 321, 82 P.2d 678, 117 A.L.R. 1269 (1938); *State ex rel. Smith v. Dist. Ct. of Osage Co.*, 188 Okl. 663, 112 P.2d 381 (1941), subsequent appeal of *Drummond v. Smith*, 185 Okl. 613, 96 P.2d 42 (1939); *Fernow v. Gubser*, 196 Okl. 58, 162 P.2d 529 (1945). See also *Holt v. Holt*, 23

"The authority of a trial court to appoint a referee to take evidence, make findings of fact and conclusions of law, is derived from our statutes, and such provisions are included in sections 5018, 5019, R.L.1910 [now 12 O.S.1971, §§ 612, 613] and the provisions of the statute pertaining to the method and manner of the appointment of a referee must be complied with, otherwise such appointment is not legal and such referee has no authority to act."

The error of the trial court in referring the matter without the parties' consent was confessed by counsel and, noting that confession, the court stated:

"The grounds covered by the assignments of error which are confessed in the confession of error seem to be the error of the trial court in referring the matter to a referee without the written consent of the parties, or their oral consent given in open court, and entered upon the journal, as provided in section 5018, R.L.1910 [now 12 O.S.1971, § 612] and no such written consent of the parties is shown, and no oral consent in court appearing to have been entered upon the journal, and the nature of this cause not being such as the trial court can refer to a referee upon his own motion, as provided in section 5019, R.L.1910 [now 12 O.S.1971, § 613] and this being statutory, appears to go to the jurisdiction and authority of the referee to act.

"The rule controlling in such case is stated in 34 Cyc. 778, as follows:

Okl. 639, 102 P. 187 (1909), recognizing the application of the reference statute in divorce action referred by consent of the parties.

For cases from other jurisdictions finding that compulsory reference statutes similar to ours are exclusive, see: *Tietzel v. Southwestern Construction Co.*, N.M., 94 P.2d 972 (1939); 126 A.L.R. 307; *Durwood v. Dubinsky*, Mo. 291 S.W.2d 909 (1956); *North American Finance Corp. v. Cannavan*, 130 Kan. 468, 286 P. 248 (1930); *Keese v. Parnell*, 134 S.C. 207, 132 S.E. 620 (1925); *Iowa Public Service Co. v. Sioux City*, 252 Iowa 380, 107 N.W.2d 109 (1961); *Killingstad v. Meigs*, 147 Wis. 511, 133 N.W. 632 (1911); *Archuleta v. Archuleta*, 52 Colo. 601, 123 P. 821 (1912); *Williams v. Benton*, 24 Cal. 424 (1864); *Hastings v. Cunningham*, 35 Cal. 549 (1868).

'Compulsory Reference.—1. In General. Ordinarily the court has no power to order a compulsory reference to hear and determine all or any of the issues or questions of fact except where authorized so to by statute'" At 505.

The majority clearly misapprehends the holding of *Allen.* That case is not, in any manner, a condemnation of compulsory reference in divorce actions—in a proper case. It holds simply that in divorce, as in all other actions, the power to refer is statutory and the provisions of the statute (12 O.S.1971, § 613) are the exclusive criteria for a permissible reference.

The divorce actions before us were not properly the subject of compulsory reference to anyone—a special judge or any other person. The accounting contingencies authorizing compulsory reference are set forth in 12 O.S.1971, § 613. These actions do not even pretend to fall within the scope of the statute. It is for that reason the writ should issue.

I am authorized to state that Justice HODGES and Justice LAVENDER join with me in this opinion.