Floyd D. **SCHULMEIER**, and Vi Smith Schulmeier, Petitioners,

v.

The **HONORABLE JUDGES OF the DISTRICT COURT OF TULSA COUNTY IN THE FOURTEENTH JUDICIAL DISTRICT**, Respondents.

No. 88011.

Supreme Court of Oklahoma.

Sept. 24, 1996.

### ORDER ASSUMING ORIGINAL JURISDICTION AND ISSUING WRIT OF PROHIBITION

Application to Assume Original Jurisdiction Granted. Let the Writ issue Prohibiting the District Judges of the Fourteenth Judicial District, Tulsa County, from enforcing, in part, their Rule 23(5) which reads:

"The following matters shall be presented *only* to the CS Special Judges:

5. All post judgment collection matters, including, but not limited to, orders to appear and answer and answer as to assets, garnishment orders and application to exempt earnings." (E.S.)

Such an indiscriminate and unrestricted assignment of all post-judgment matters, i.e. hearings in aid of execution, particularly those involving $10,000.00 or more, contravenes Art VII, Sec. 8(h), 20 O.S.1991 § 123, and 12 O.S.1991, § 842, et seq.

Tit. 12, O.S.1991 § 842 provides:

"At any time after judgment, on application of the judgment creditor, *a judge of the court in which the judgment was rendered*, shall order the judgment debtor to appear before the judge, *or a referee appointed by the judge*, at a time and place specified in such order, to answer concerning his property . . ." (E.S.)

To the extent that Rule 23(5) is invalid, respondent judges are prohibited from carrying out the requirement of the rule, and Special District Judge J. Michael Gassett is prohibited from exercising further judicial authority in case No. CJ–94–2793, Tulsa County. See: *Lee v. Hester*, Okl., 642 P.2d 243, 245 (1982).

Tit. 20, O.S.1991, § 123(B) provides "Special judges shall be authorized to serve as referee in any matter before the District Court." Nothing contained in this order shall prevent the District Judges of the 14th Judicial District from appointing Special District Judges as referees in post-judgment collection matters on a case by case basis, particularly in hearings in aid of execution as provided by 12 O.S.1991 § 842, supra.

Request of real party in interest, Wesley D. Hines, for costs and attorney's fees is DENIED.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA, JJ., concur.

SUMMERS, J., concurs in part, dissents in part.

WATT, J., dissents.