## CROMWELL v. HAMILTON.

No. 11081—Opinion Filed March 13, 1923.

Rehearing Denied May 1, 1923.

(Syllabus.)

**Appeal and Error—Review—Report of Referee—Conclusiveness.**

Under our statute, where a referee is appointed and required to report the facts, the report has the same force and effect as a special verdict of a jury, and should not be disturbed if there is any evidence reasonably tending to support it.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Action by Harry Hamilton against W. A. Cromwell for dissolution of partnership and for an accounting. Judgment for plaintiff, and defendant brings error. Affirmed.

Smith & Walker, for plaintiff in error.

Denny & Allen, for defendant in error.

COCHRAN, J. Defendant in error filed this suit for dissolution of a partnership existing between plaintiff in error and defendant in error and an accounting. The parties will hereinafter be referred to as plaintiff and defendant as they appeared in trial court. Defendant in his original answer denied the existence of the partnership, but thereafter by permission of the court filed an amended answer alleging that he had settled with the plaintiff for his interest in the partnership business and had paid the plaintiff the sum of $600 in full satisfaction of his claim. The plaintiff filed a general denial to this answer. By agreement of the parties, the case was submitted to a referee, who found that a partnership existed between the parties and, that no settlement had been made with the plaintiff by the defendant and that the plaintiff was entitled to recover from defendant $1,901.47. Exceptions were filed to the report of the referee, and, upon a hearing before the superior court, the report of the referee was in all things approved and judgment rendered accordingly.

The defendant has prosecuted his appeal to this court and presents for consideration

two questions: (1) That the finding of the referee that a settlement had not been made by the defendant with the plaintiff was not sustained by the evidence; and (2) that the finding that the plaintiff is entitled to $1,921.47 upon the partnership accounting is not sustained by the evidence. These assignments required us to examine all of the evidence introduced. On the question of the alleged settlement there was a sharp conflict in the testimony. The defendant testified that he agreed to pay the plaintiff the sum of $600 in settlement of his interest in the drug store, that this offer was accepted by the plaintiff, and thereupon the defendant paid the plaintiff $600 in currency. The plaintiff denied that he had received anything from the defendant or that he had ever agreed to settle with him for the sum of $600. The defendant is corroborated by the witness Clem Williams, but the referee saw the witnesses on the stand and, after hearing the testimony of all the parties, concluded that the statement of the defendant that he had paid $600 in currency out of funds which he had been keeping in the little drug store in the city of Tulsa was unreasonable, and, from that fact and all of the other facts and circumstances, decided this issue in favor of the plaintiff, and the evidence reasonably tends to support the finding of the referee.

The second proposition, as to the amount due the plaintiff on this accounting, was difficult for the referee to dispose of satisfactorily because the evidence introduced showed the amount of the original investment made by the plaintiff and defendant in this business, the total purchases of fixtures and merchandise, and the total amount of goods sold, but failed to disclose an inventory of the merchandise on hand at the time of the dissolution of the partnership, and failed to disclose any average margin of profit on the merchandise sold. From the testimony of the plaintiff, it appeared that he had been driven from the place of business by the defendant and did not have an opportunity to take an invoice, but he did thereafter send an accountant there to audit the books, which he did, but did not take an invoice of the merchandise; and on the trial of the case before the referee, upon agreement of the parties, the accountant made a more complete audit of the books, but did not make an inventory of the merchandise on hand. The only evidence supplying the lack of an inventory was the testimony of the plaintiff that at the time of the dissolution the stock of goods amounted to about $3,000. The defendant offered

no testimony on this question at all. The trial court based his conclusions upon the finding that the merchandise on hand at the time of the dissolution was of a value of $2,500.

Without going into detail relative to the accounting, it may be said that the complaint of the defendant is based principally upon the findings of the referee that the merchandise on hand on March 6, 1918, was of the value of $2,500. While there can be no question that an inventory would have revealed the exact condition, there is sufficient testimony in the record upon which to base the finding of the referee on this question. In cases of this kind, the rule established by this court is that the report of the referee has the same force and effect as the special verdict of a jury, and should not be disturbed if there is any evidence reasonably tending to support it. Sapulpa v. Sapulpa Oil & Gas Co., 22 Okla. 347, 97 Pac. 1007.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.