## TITUS v. MILLER, Rec.

No. 24969.   April 16, 1935.

Ray S. Fellows and Joseph A. Gill, Jr., for plaintiff in error.

Hal Crouch, Philip N. Landa, Pierce, McClelland, Kneeland & Bailey, and McLaury & Hopps, for defendant in error.

PER CURIAM. The Darwin Company sued C. W. Titus and Odessa Titus in the district court of Tulsa county for $22,919.36, which amount it was claimed represented the balance due the plaintiff for furnishing and decorating a house defendants had erected in the city of Tulsa.

It appears that plaintiff, an interior decorator and dealer in fine furniture, made an estimate in writing on January 22, 1930, and a supplemental estimate January 25, 1930, both of which were accepted by defendant C. W. Titus, whereby plaintiff agreed to furnish certain carpets, draperies and rugs and other furnishings therein mentioned, and to do certain decorating work pertaining to the walls and ceilings of

the house, at a cost to defendant of $26,-846.69.

On February 3, 1930, plaintiff made another written contract with C. W. Titus whereby plaintiff was to sell him certain furniture, lamps, art objects, bric-a-brac, paintings, and in fact anything that plaintiff was in position to assist him in buying, which was not covered by previous contracts, at New York show room prices, plus ten per cent. Plaintiff agreed to inspect the walls and ceilings and see that they were finished to the satisfaction of both Mr. and Mrs. Titus. This contract contained the further provision that plaintiff would submit to defendant all factory invoices to which was to be added ten per cent, payable to the Darwin Company.

On September 19, 1930, still another written contract was entered into by the plaintiff and C. W. Titus, which provided, substantially, that the payments under the January contract should be made as follows: $5,000 on or before September 25, 1930, with an additional payment of one-half of that portion of the contract covering the wall painting and decorations, which amounted to $3,630, when one-half of the work was completed, the balance of the amount to be payable as soon as the wall painting and decorations were completed to the satisfaction of the owner. The balance due under the contract to be due and payable as soon as all materials, labor, and furnishings had been installed and accepted by the owner.

The petition is in five causes of action: The first cause of action was for $26,846.69 under the contracts of January, 1930; the second cause of action was for $3,991.82, by reason of changes and substitution in the original contracts, made at the request of the defendant; the third cause of action was for $10,654 with ten per cent. added thereto, or $11,719.40, based on the contract of February 3, 1930; the fourth cause of action was for $1,473.01 by reason of plaintiff having reupholstered certain items of furniture, at the request of defendant, of material of defendant's own selection, the furniture having been purchased under the contract of February 3, 1930; the fifth cause of action was for $15,118.62 for furniture which it was alleged defendant purchased from plaintiff at the latter's showroom in Tulsa, at orally agreed prices. The plaintiff credited defendant with $36,000 paid in cash at various times, and $230.18 in returned items.

The defendant Odessa Titus denied that she was indebted to the plaintiff in any sum whatsoever. C. W. Titus admitted and pleaded the execution of all the written contracts above mentioned; he denied that he had requested the plaintiff to reupholster the items of furniture for which plaintiff claimed $1,473.01; he denied that any furniture was purchased at the local showroom of the plaintiff at orally agreed prices, but contended that all purchases of furniture were under the contract of February 3, 1930, at factory price plus ten per cent.; he also contended that there was a difference of approximately 25 per cent. in factory price and New York showroom price; he pleaded that under the February 3rd contract nothing further was due until plaintiff submitted the factory invoices, which it was charged plaintiff failed to do, but submitted instead the New York showroom prices; he also pleaded that under the contract of September 19, 1930, no further payments were due until the decorations were completed to the satisfaction of the owner, and all materials and furnishings had been installed and accepted by the owner; that the decorations were not satisfactory and that some of the furnishings were not satisfactory and had not been accepted by the owner. The defendant admitted having paid plaintiff $36,000 on the account, and asked for judgment against plaintiff for $29,185 which it was claimed was an overpayment

By agreement of the parties, Mr. Nathan A. Gibson of Tulsa was appointed a referee in the action with power to take testimony and to make up, settle and determine any issues necessary to a full determination of the action, and to report the same to the court with his findings of fact and conclusions of law.

H. C. Miller, having been appointed receiver for the Darwin Company, was substituted as plaintiff in the action.

After having heard the evidence, the referee found that the contracts of January, 1930, had been substantially complied with by the plaintiff, but that there were minor defects which entitled defendant to a credit of $500; that because of plaintiff's failure to finish walls and ceilings as agreed, defendant was entitled to a credit of $250; that the contract of February 3, 1930, was a valid obligation upon plaintiff to assist defendant in the purchase of the articles of furniture therein mentioned under the terms stipulated; that the total cost to plaintiff of all furniture under the contract of February 3, 1930, was $17,568.85, and that the actual expenses of installing it was $2,000,

but that there were certain defects and omissions to the extent of $500. He therefore concluded that plaintiff was entitled to judgment against C. W. Titus for $26,096.69 under the contracts of January, 1930, and for $3,991.82 under the executed oral contract modifying the same; that the plaintiff was entitled to judgment against C. W. Titus under the contract of February 3, 1930, for $17,568.85, and the additional sum of $2,000 to cover the cost and expenses of plaintiff, in lieu of the ten per cent., but that defendant was entitled to a credit of $500 to cover defects and omissions; that defendant was entitled to a credit of $36,000 paid plaintiff in cash; that after allowing all proper credits, plaintiff was entitled to judgment against C. W. Titus for $13,157.36; that no judgment should be rendered against Odessa Titus.

The court approved the findings of fact and conclusions of law and entered judgment accordingly.

To reverse the judgment of the court, the defendant C. W. Titus presents in his brief three propositions, the first of which is that the court erroneously permitted recovery under the third cause of action for amounts claimed under the fourth and fifth causes of action. The third cause of action was based upon the contract of February 3, 1930, whereby plaintiff agreed to purchase certain furniture for defendant at factory price plus ten per cent.; the fourth cause of action was based upon an alleged oral contract between the parties whereby the plaintiff reupholstered certain of this furniture for defendant of material of his own selection; the fifth cause of action was based upon an oral contract between the parties for the purchase of furniture at the local showroom of the plaintiff. The defendant Titus contended in his answer and now contends in his brief before the court that factory price plus ten per cent., which was to cover the actual cost, was to apply to all furniture purchased by the defendant or for his benefit. The trial court sustained the defendant's contention in this respect, and applied the contract of February 3, 1930, not only to the third cause of action, but to the fourth and fifth causes of action as well, which resulted in a saving to defendant of $8,985.30. Since this finding was in favor of the defendant and in keeping with his contention, and was well supported by the evidence, the defendant is in no position to complain. It is also claimed that this finding was erroneous because the court allowed plaintiff $2,000 for his expenses for

installing the furniture, instead of ten per cent. of $17,568.85. The defendant maintained at all times that the plaintiff was entitled to nothing more than factory price plus his expenses on all furniture. It was shown that the plaintiff's expenses in this connection were $2,000, so again the court accepted the defendant's position, we think, correctly.

The second proposition which the defendant presents is that the action is premature. It was pleaded in the answer and maintained by the defendant that no further payment was due plaintiff because neither the furniture nor the decorations were satisfactory, nor had they been accepted by the defendant; and that this was a condition precedent to further payment. It was also contended that no further payment was due because plaintiff had not submitted the factory invoices to defendant, which was also a condition precedent to plaintiff's right to demand further payment. The evidence is conflicting in this respect. The plaintiff's evidence was to the effect that defendant, as well as Mrs. Titus, was well pleased with the furniture and furnishings and also the decorations; the defendant's evidence was to the contrary. The plaintiff's evidence was also to the effect that the invoices were submitted to defendant and that he decided to change the time and manner of payment, and in fact did make six payments totaling $36,000. It is undisputed that on the day following the execution of the September 19, 1930, contract, upon which defendant relies, he paid plaintiff $7,000, and made five other payments in amounts of from $3,000 to $8,000 each, prior to the filing of the lawsuit. It also appears that defendant offered to pay in stocks and bonds when plaintiff had his bill in shape, which offer plaintiff declined. The fact that the defendant made these payments at a time when, he now says, the work and furnishings were unsatisfactory, and made an offer to make other payments in stocks and bonds, weakens the position he now assumes. It strongly indicates that he had decided to change the time and manner of payment; it also indicates acceptance upon his part of the work and furnishings of plaintiff. The court found against him on this proposition, and we think the evidence amply sustains the judgment in this respect.

The defendant's third proposition is that he should have been allowed to recover on his cross-petition. This was a question of fact which the court decided adversely to defendant's contention.

It is well settled in this state that where an action has been referred to a referee to hear the testimony, make findings of fact and conclusions of law, and report these, together with the testimony, back to the court, and such report of the referee is approved by the court and judgment rendered thereon, such findings of fact and judgment will not be disturbed on appeal unless this court can say they are clearly against the weight of the evidence.

In the case of Farrow v. Work, 39 Okla. 734, 136 P. 739, this court said:

"There being evidence reasonably tending to support the referee's findings of fact, it is not the province of this court on appeal to disturb the decree based upon said report. Such findings of fact must be given the same conclusiveness as a verdict of a jury or the findings of fact by the court sitting as a jury."

Also, in the case of Cromwell v. Hamilton, 89 Okla. 225, 214 P. 694, it was said:

"In cases of this kind, the rule established by this court is that the report of the referee has the same force and effect as the special verdict of a jury, and should not be disturbed if there is any evidence reasonably tending to support it."

This proposition of law is too well settled to need further citation of authority.

We have carefully read the record in this case, and we are unable to say that there is no evidence reasonably tending to support the judgment rendered. The judgment rendered was favorable to the defendant. The judgment is affirmed.

It appears from the record that plaintiff in error executed a supersedeas bond with the Standard Surety & Casualty Company of New York as surety thereon, and that said bond was duly filed and approved in the trial court, and a copy of the same is incorporated in the case-made. Defendant in error, in his answer brief, called attention to the supersedeas bond, and asked that upon affirmance of the judgment this court render judgment against the surety on said bond.

It is therefore ordered, adjudged and decreed that the defendant in error, H. C. Miller, as receiver for the Darwin Company, have judgment on the supersedeas bond, against C. W. Titus, as principal, and the Standard Surety & Casualty Company of New York, as surety thereon, for the principal sum of $13,157.36, together with one-half of the costs of this action, for which let execution issue.

The Supreme Court acknowledges the aid of Attorneys Marvin Shilling, W. D. Potter, and J. B. Moore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Shilling and approved by Mr. Potter and Mr. Moore, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, and PHELPS, JJ., concur.