LOFTON v. McLUCAS et al.

No. 29393. March 10, 1941.

Rehearing Denied June 10, 1941.

*113 P. 2d 966.*

John T. Cooper, of Wewoka, for plaintiff in error.

S. W. Biggers, of Wewoka, A. S. Wells, of Seminole, and Hugh Roff, of Wewoka, for defendants in error.

GIBSON, J. This is an action to quiet title. Judgment was for defendants, and plaintiff appeals.

Defendants were served by publication (secs. 183-187, O. S. 1931, 12 Okla. Stat. Ann. §§ 170-174). They were in default, and judgment quieting title was entered against them on August 7, 1937. By a series of motions presented under authority of section 189, O. S. 1931, 12 Okla. Stat. Ann. § 176, the defendants sought to reopen the default judgment and to be permitted to defend, alleging that they were without actual notice of the action in time to appear therein.

The clerk's minutes under date of March 18, 1938, containing an entry to the effect that the judgment was ordered reopened, unconditionally, to permit defendants to defend on the merits. No formal journal entry reflecting these minutes was ever prepared and filed, except one that was recalled by the court and not officially filed for the reason that it did not conform to the court's order.

On October 11th plaintiff filed her motion to vacate the order indicated by the minutes aforesaid, alleging that on March 18th the court had passed on the motions to reopen the default judgment, and had ordered the same reopened, but on condition that all accrued costs, including publication fees, be paid by defendants within 30 days. It was further alleged that the costs had not been paid as ordered, and that the purported order to reopen should be set aside and the plaintiff given an opportunity to plead to the motion to reopen.

Shortly thereafter the judge who made the order reopening the default judgment retired from office at the expiration of his term, and the motion last mentioned came on for hearing before his successor.

The court found that the former judge had intended to and did actually reopen the default judgment, and plaintiff was thereupon forced to trial on the merits, resulting in a judgment for defendants.

Among the errors assigned is the aforesaid action of the court in holding that the judgment had been reopened to permit defendants to defend.

Plaintiff says that there was no evidence to support the court's findings that the former judge had ordered the default judgment reopened. It is contended that the minutes neither amounted to an order nor constituted evidence that an order had been made.

It may be true, as plaintiff asserts, that the minutes are no part of the record on appeal, and, in another action, do not constitute evidence of the contents of a judgment. But minutes are to be considered by the court in determining what its own former judgments or orders were when the written judgment has not been signed and filed. Such was the situation here. Under the issues raised at the hearing on plaintiff's motion to vacate the former order as reflected by the minutes, the court was required to determine what that order was. Its finding and judgment in this regard was in the nature of an order nunc pro tunc and well within the court's powers. The court merely failed to prepare and enter a formal written order pursuant to and as reflected by the minutes in question. It had inherent power at any time after proper hearing, and so long as no intervening rights were affected, to cause its records to

speak the truth and to enter an order nunc pro tunc accordingly. The order of the court holding that the default judgment had been reopened as of March 18th was nothing other than an order nunc pro tunc. The rule concerning the orders of this kind is stated in Courtney v. Barnett, 65 Okla. 189, 166 P. 207, as follows:

"Jurisdiction to order entered nunc pro tunc, orders and judgments made by the court, but omitted from the record by the clerk or the court, is not lost by lapse of time, where no intervening rights are affected."

The evidence clearly shows that the defendants were to pay the costs, not as a condition to reopening the default judgment, but as a condition to the right to file answer. It is shown that defendants paid all the costs assessed on the appearance docket. It developed that the publication fees had been paid by plaintiff direct to the publisher and were not entered on the docket, and for that reason were not paid by defendants. Defendants in such case should not be expected to search beyond the appearance docket for a record of the accrued costs.

Plaintiff says the court erred in holding that the default judgment had been reopened for the reason that she had received no notice of the motion as required by section 189, O. S. 1931.

The record shows, however, that the plaintiff was fully represented at the hearing by counsel. If there actually was no notice beforehand, there is no indication that plaintiff suffered any disadvantage by reason thereof. In this we find no just ground for complaint. Appearance will ordinarily waive notice in such case.

Contrary to plaintiff's apparent contention, an affidavit of failure of notice of the pendency of the action is not jurisdictional in a hearing on motion to reopen under the provisions of said section 189.

Plaintiff advances some argument on the propriety of vacating a judgment after term, but the present proceeding is one to reopen, not to vacate, and the proceedings may be commenced by motion within three years.

We find no error in the order of the court holding that the judgment had been reopened.

Turning now to the merits of the case, it appears that the land in question was the surplus allotment of March Dosar, a Seminole freedman who died intestate in the year 1914, leaving as his only heirs his wife, Arena Dosar, and the plaintiff, his daughter. Plaintiff alleges that her mother and father occupied said land in 1902 and continued to reside thereon and to occupy the same as their statutory homestead until the death of her father; that she and her mother had continued in possession until the present time. It is further alleged that the defendants claim some right, title, or interest in and to the premises by virtue of a certain deed allegedly executed by March Dosar to one Martin T. Farrow in 1906; that said deed was a forgery and void.

It is further alleged that the defendants claim an undivided one-half interest in the land by virtue of a deed executed by her mother, Arena Dosar, and also claim the entire interest under the purported deed to Martin T. Farrow. Plaintiff seeks cancellation of the deed to Farrow, and partition of the premises.

Plaintiff says that the Farrow deed was shown to be a forgery by the clear weight of the evidence. This assertion is based on the following circumstances allegedly disclosed in the record: First, the deed described March Dosar as a single man, whereas he was married to Arena Dosar and residing on the premises in question; second, an affidavit executed by March Dosar and filed for record in 1907 asserting that said deed was a forgery; third, plaintiff was permitted to remain in possession of the land for seven years, fence it and build a house thereon; fourth, the purchasing of Arena Dosar's half interest in 1921 was a confession by defendants that the Farrow deed was invalid.

Plaintiff cites Kline v. Mueller, 135 Okla. 123, 276 P. 200, wherein it was held that a recitation in a deed that the grantor was a single man whereas in fact he was married, and the fact that the grantor continued to assert ownership of the land subsequent to the date of the deed, were circumstances to be considered in determining forgery, and with other circumstances therein named were sufficient to sustain a finding that the deed was forged.

But here there was no competent evidence of additional circumstances sufficient to warrant a holding on our part that the judgment was against the clear weight of the evidence. The affidavit mentioned above was merely the ex parte statement of the grantor and was evidence of no material fact, unless it was equivalent to an asserted ownership on his part subsequent to the date of the deed. Plaintiff cites no authority to the contrary. Neither is our attention called to any authority to indicate that the purchase of the mother's interest by defendants was an admission of any fact at all.

In Kline v. Mueller, above, some of the additional circumstances were that the grantor did not reside in the county of the venue of the acknowledgment of the execution of the deed; his wife had always joined him in conveyances; he did not receive the property in exchange as mentioned in the deed; the grantor had not been in the county where the deed was acknowledged, and a number of other facts and circumstances not present in the instant case.

We say that the evidence here will not warrant a reversal of the judgment.

Plaintiff finds further fault with the deed in that it was not executed in conformity with the statute relating to execution by mark (sec. 9703, O. S. 1931, 16 Okla. Stat. Ann. § 34). The deed, however, was executed before statehood and described land in the Indian Territory. The above statute was not in force. No effort is made to show that the deed did not comply with the laws of Arkansas then in operation.

The judgment is affirmed.

WELCH, C. J., and RILEY, CORN, and DAVISON, JJ., concur.