## BROUGHAM v. INDEPENDENT POTASH & CHEMICAL CO. et al.

No. 32136.　May 18, 1948.

Rehearing Denied Nov. 9, 1948.

*199 P. 2d 211.*

Twyford, Smith & Crowe, of Oklahoma City, for plaintiff in error.

Earl Pruet, of Oklahoma City, for defendants in error.

DAVISON, V.C.J.　This is an action wherein plaintiff, A. Leonard Brougham, seeks to recover from the defendants, Independent Potash & Chemical Company and H. I. Grimes, its president, the sum of $12,250, as alleged balance due for legal services and expenses from October, 1935, to August, 1939. The parties will be referred to as they appeared in the trial court, the facts appearing in the discussion of the alleged errors.

The first two propositions presented by plaintiff, as grounds for reversal of the judgment rendered against him, attack the validity of the referee's report which contained the findings of fact and conclusions of law upon which the trial court rendered its judgment in favor of defendants. By order of reference made March 18, 1942, a referee was, over objection of plaintiff, appointed to hear the testimony and report to the court on or before April 18, 1942. This time was extended, by various orders, to and including August 31, 1942. The report was filed the following day, September 1st, pursuant to proper notice. On September 2nd plaintiff filed exceptions to the findings of fact and conclusions of law, based solely upon the insufficiency of the evidence, and also exceptions to the refusal of the referee to make the find-

ings of fact and conclusions of law requested by plaintiff. Some three months later, on December 22, 1942, plaintiff filed motion to set aside the report of the referee upon the exceptions theretofore filed. In none of these exceptions or motion was any objection made to the report because it was filed out of time and after the expiration of the time allowed in the order of reference and extensions thereto.

Nothing further was done in the case until nearly a year later when, on September 1, 1943, plaintiff filed a motion to set aside the report because it was filed after the authority of the referee had expired. On September 2, 1943, defendants filed an application for an order nunc pro tunc extending the time for filing said report to and including September 1, 1942, as a re-pronouncement of an order to that effect, made prior to that date, but, through inadvertence and error, not reduced to writing and no minute thereof made. A hearing was had on the application, and on September 8, 1943, a nunc pro tunc order was made as of August 26, 1942, granting an extension of 30 days from August 31, 1942, within which the referee might file his report. At the same time the last motion of plaintiff, above mentioned, was overruled.

The testimony, taken at the hearing upon the motion for the nunc pro tunc order, established the following facts: That after preparing the report the receiver talked to the district judge on two occasions and went over the entire matter with him. That, at one of these times, he told the judge that he could not get the report filed and give the required notice before August 31st. That the judge then told him he could have an extension of time and that the clerk would prepare and enter the order. That such order was never written or entered, so far as was shown by the records. The report was approved and final judgment rendered August 1, 1944.

Plaintiff cites the cases of Woodmansee v. Woodmansee, 137 Okla. 112, 278 P. 278, and Jones v. Gallagher, 64 Okla. 41, 166 P. 204, to the effect that the correction of an order or judgment, made by the court upon parol proof, should be done only when the evidence is clear and convincing and that an order nunc pro tunc cannot bring into being something that did not occur. Also cited are the cases of Delong v. Stahl, 13 Kan. Rep. (2d Ed.) 414-419, Star pages 558-564, and Bradford v. Cline, 12 Okla. 339, 72 P. 269. All of these cases correctly state the law but none is determinative of the question here presented. The inherent power of a court, at any time after proper hearing, and so long as no intervening rights are affected, to cause its records to speak the truth and to enter an order nunc pro tunc accordingly has always been recognized in this jurisdiction. A rather recent affirmation of this rule is found in the case of Lofton v. McLucas et al., 189 Okla. 115, 113 P. 2d 966, wherein reference is made to the earlier case of Courtney v. Barnett, 65 Okla. 189, 166 P. 207. In this latter case, this court further held that the lapse of time, in the absence of intervening rights being affected, has no effect thereon. Therein, it was also said:

"It must be borne in mind . . . that the rule in Oklahoma as to the evidence necessary to justify the making of a nunc pro tunc order is more liberal than the rule adopted in many of the states. Here an order for the entry of a nunc pro tunc judgment may be made upon parol evidence . . . ."

Although from a jurisdiction where written evidence is necessary as a foundation for such an order, the case of Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S.W. 2d 23, discusses the office of an order nunc pro tunc at length, giving the historical background of the authority to make it. We think that court made a wise distinction between the nunc pro tunc entry of an administrative order and of a judgment, in that the court is not as strict in dealing with the former as in dealing with the latter. As was said in the case of Noyes v. Pierce, 97 Vt. 188, 122 Atl. 896:

"Whether a nunc pro tunc order should be made depends on the circumstances of the particular case, and is to be granted or refused as justice may require."

The earliest case in this jurisdiction applying the rules applicable to such situations and definitely setting the course that has been followed since, is the case of Clark v. Bank of Hennessey, 14 Okla. 572, 79 P. 217. The facts are quite analogous to those in the instant case. A referee was appointed to hear the case and report at the next term of court. His report was filed at the time of the second succeeding term. Motion was filed to strike it because filed out of time. While that was pending a motion for an order nunc pro tunc was filed. The court overruled the motion to strike the report and made an order, as of the intervening term of court, continuing the referee's authority to the following term, being the time when the report was filed. This order was made upon the court's recollection that the referee, at the intervening term, stated that he hadn't completed the report and asked that the matter be deferred to the following term and that the court stated, "Very well, you can have the time." The evidence further showed that the court made a minute on the docket "Passed for report of referee" instead of "continued for the term."

In upholding the validity of the order, the territorial court said:

" . . . It is not only within the powers of the trial court, while a case is pending before him, to see that the records speak the truth, but it is his duty; and where the clerk, by neglect or otherwise, has failed to make a proper record of the proceedings had in the case, the court has the unquestioned power to require a correction or amendment of the record to conform to the facts, to the end that justice may not be defeated by a mere oversight or clerical error. . . ."

We, therefore, conclude that the evidence in the instant case is sufficient to establish the fact that the time for filing the referee's report was extended beyond the time when it was filed and that the court had authority to order the record nunc pro tunc to show such extension. Having come to this conclusion, it is unnecessary to pass upon the question of a waiver of the irregularity by plaintiff.

The record in this case is voluminous, but it is not necessary here to review the testimony and the many exhibits, in detail, since plaintiff complains of only one finding of fact and one conclusion of law as not being supported by the evidence. Plaintiff sought to recover $12,250 as fees for his services as attorney and advisor for the defendant Independent Potash & Chemical Company, rendered at the request of the defendant H. I. Grimes, the president of said company. The testimony shows that he performed such services from the latter part of 1935 to August, 1939, being paid $75 per week during early part of such employment and $400 per month subsequently. In January, 1936, plaintiff purchased stock in the defendant company, giving in payment therefor his promissory note in the principal amount of $5,000 payable on demand.

With regard to this note, the defendant Grimes testified that in April, 1939, an audit of the books of the company was being made and it became necessary that there be some disposition of the note. In several conversations with plaintiff, plaintiff refused to pay the note, claiming additional attorney's fees. That it was finally agreed that the company would admit a liability of the amount of the note for such fees, which item was entered on the books by the auditor. That the company did not owe the plaintiff any amount, but, since the collection of the note was doubtful, this agreement was reached as a full settlement of all claims. This testimony was corroborated by that of two other witnesses. Plaintiff denied that any final settlement was had and took the position that the note was delivered to him after the filing of this

662

action, and that after its application as a credit on the amount sued for, there remained due him the sum of $7,250.

The finding of fact and conclusion of law made by the referee, and confirmed by the court in the judgment, which plaintiff contends in his brief was erroneous, was that a final settlement was had between the parties substantially as outlined by defendant.

The effect to be given the report of a referee is provided in 12 O.S. 1941 §614, which in part is as follows:

" . . . The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the referee is to report the facts, the report has the effect of a special verdict."

As pointed out in Phillips Petroleum Co. v. Davis et al., 194 Okla. 84, 147 P. 2d 135, the former opinions of this court are not in harmony as to the meaning of the above statute in cases of purely equitable cognizance. That opinion holds that in equity cases, the judgment will not be disturbed on appeal unless against the clear weight of the evidence, quoting from the case of Noble v. Johnson, 145 Okla. 46, 291 P. 26. The rule applicable, in any event, in an action at law is stated in the case of Cromwell v. Hamilton, 89 Okla. 225, 214 P. 694, and reaffirmed in the case of Titus v. Miller, 171 Okla. 549, 43 P. 2d 705, which is as follows:

"Under our statute, where a referee is appointed and required to report the facts, the report has the same force and effect as a special verdict of a jury, and should not be disturbed if there is any evidence reasonably tending to support it."

Under either rule, the evidence herein is sufficiently conclusive to support the judgment. However, since this is an action at law, the latter rule is applicable.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur. WELCH, ARNOLD, and LUTTRELL, JJ., concur in result.

---

WELCH, J. (concurring specially). I concur in the result reached, but do not believe it proper to hold that the showing made by the evidence referred to was sufficient to justify entry of the order nunc pro tunc granting the stated extension of time. If the filing of the report was one day late it is my view, under the situation shown, that it was a mere irregularity, and we would hold under all the circumstances shown that the plaintiff waived any such irregularity, or was estopped to make the proposed attack against the filing of the report.

Rehearing Denied Nov. 9, 1948.