### UNITED STATES v. HART et al.

#### (District Court, N. D. New York. August 13, 1914.)

CRIMINAL LAW (§ 393*)—SEARCHES AND SEIZURES (§ 7*)—WITNESSES—OBTAINING EVIDENCE FROM ACCUSED—DEPRIVATION OF PROPERTY—"UNREASONABLE SEARCHES AND SEIZURES."

Where accused, with knowledge that a proposed prosecution for conspiracy, etc., was being investigated by the United States attorney, in an endeavor to establish his own innocence to such officer, voluntarily produced and delivered to him certain letters, checks, etc., which the attorney offered to return, but on finding that they contained valuable evidence against accused and others refused to return them, and submitted them to the grand jury, on which, with other evidence, an indictment was returned, there was no unreasonable search or seizure, or deprivation of property, and hence the United States was entitled to use the papers in evidence against accused, subject only to his right to examine and have copies of them and to have them surrendered to him when the purpose of the government had been subserved; nor was accused thereby compelled to produce evidence against himself.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 871–874; Dec. Dig. § 393;* Searches and Seizures, Cent. Dig. § 5; Dec. Dig. § 7.*]

Proceeding by the United States against Max M. Hart and others. Question as to the right of the United States to use on the trial of an indictment for conspiracy, etc., and to introduce in evidence against the defendant, certain papers, letters, checks, and notes paid and unpaid belonging to the defendant, Hart. Objection to use of such papers overruled.

See, also, 214 Fed. 655.

John H. Gleason, U. S. Atty., of Albany, N. Y., and Thos. H. Dowd, Asst. U. S. Atty., of Cortland, N. Y.

Henry A. Wise, of New York City, for defendant Hart.

RAY, District Judge. Just prior to the finding of the indictment in this case against the defendants for a conspiracy to commit certain crimes against the United States, and to use the mails to execute same, etc., and after witnesses had been summoned to give evidence in investigating the matter before the grand jury then in session, the now

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant Max M. Hart, not then named as a defendant, voluntarily appeared at the term of court where said grand jury was in session and volunteered to make a full and a complete statement and disclosure to the United States attorney; he (Hart) knowing that such investigation was being made and that the matter was about to be presented to the grand jury. Hart voluntarily disclosed that he had in his possession certain papers which would throw light on the matter and asked to be allowed to go before that body as a witness. He proclaimed his innocence of all wrongdoing. There was no promise or suggestion of immunity, and the United States attorney on full investigation declined to call Hart or permit him to go before the grand jury. He was asked if he was willing to produce the papers in his possession, and, answering in the affirmative, he went from Syracuse, N. Y., to the city of New York and returned with such papers and turned them over to the United States attorney and his assistant for their examination and use in the investigation. It does not appear that they were used before the grand jury. During the examination before the matter went to the grand jury, Hart was told that the papers would be returned, and at the same time was informed in effect that such return would be made when the United States attorney had completed his investigation, which clearly contemplated the determination whether or not a crime had been committed; if so, when and by whom, and also the prosecution of the guilty party or parties. No time was fixed for the return of the papers and no limitation was placed on their use.

The investigation before the grand jury resulted in the finding and presentation of an indictment against Hart and other parties, and the materiality of the papers as evidence on the trial is apparent. Prior to the commencement of the trial, Hart moved for an order directing the United States attorney to return the papers to him. The United States attorney had declined to make return prior to or during the trial unless directed so to do by the court. He had also informed Hart's attorney after the indictment that he would return the papers, but no specific time was named. The court declined to direct their return, but ordered that they be kept in the custody of the court open to inspection by both parties prior to and during the trial and that copies be furnished the defendant. All this has been done.

On the trial one or more of these papers has been offered in evidence by the United States, and the objection is made that it is wrongfully in the possession of the United States attorney and is being used under such circumstances that its admission and use in evidence against Hart is or will be to deprive him of his constitutional rights and privileges and violate such rights and privileges. It appears on the trial that the papers, or some of them, were used in aid of the conspiracy charged, some in forming and some in executing the same, and most if not all proposed to be used and offered in evidence are competent against all the defendants, unless it be Hart for the reasons stated.

It cannot be successfully contended that Hart has been or is being compelled to produce evidence against himself. The production and delivery of these papers by Hart was voluntary and was not accompanied by any express promise to return them or not use them. Hart

is not deprived of their use. The court at the request of the United States attorney now has them for the purpose of administering justice.

Did the retention of these papers by the United States attorney, or does their present retention by order of the court, in view of the facts above stated, amount to an unreasonable search and seizure, or to an unreasonable seizure? If so, the papers cannot be received in evidence against Hart. I can see no unwarranted act or wrongful or unlawful seizure. There was no search and no seizure in the sense in which those words were used when written into the Constitution of the United States. At most, the United States attorney broke his promise to return the papers, and in that he was sustained by the court when the value of the same for the purpose of administering justice and as evidence against the other defendants became known. Hart has not been deprived of his property, or of its use. He will not be. An important question, and, so far as this court is informed, a new question, is presented. The recent case of Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, dealt with a case where there was plainly both an unreasonable and an unlawful search of defendant's premises and seizure of his papers there found. That case in no aspect dealt with a voluntary delivery of papers for the purpose of making an investigation before the grand jury in session, whether or not a crime had been committed, and, if so, fixing the responsibility, and which investigation resulted in the indictment with others of the one so delivering the papers and where the United States attorney stated during the investigation and also subsequent to the indictment that he would return such papers, presumably when done with them. In the Weeks Case the Supreme Court held that the trial court has power to deal with papers and documents in the possession of the United States attorney and other officers of the court, and to direct their return to the accused if wrongfully seized.

It seems to me in view of the history of our Constitution that its inhibition against unreasonable searches and seizures is not aimed at the use of papers and documents voluntarily turned over by a subsequently indicted person to the prosecuting officer for use in the investigation before a grand jury of which investigation he has knowledge and in which he is seeking to exculpate himself and retained for use by such officer on the trial; their relevancy and importance having become apparent on full examination. In the absence of threats, force, and coercion, and of promises of immunity, it seems to me that when a person voluntarily turns over papers to the prosecuting officer for examination for the purpose of determining whether or not a crime has been committed, and if so the guilty party, the expectation of such person being that he will be wholly exonerated, he may not, if such papers with other evidence disclose his guilt, prevent the use of such papers, on the claim that there has been an unwarranted search and seizure, or a deprivation of property without due process of law, or that he is being compelled to produce evidence against himself. The breach of an agreement to return, assuming such breach, does not amount to an unreasonable search and seizure, or to a deprivation of property when the court sanctions the detention of the papers for use on the trial only, or to

compelling the defendant to produce evidence against himself. Hart exacted no promise, express or implied, that the papers should not be used against himself. They were to be used for or against any one who might be implicated.

I think the papers may be used in evidence against Hart, and the objections are overruled.