199 So. 692

**WATFORD, Sheriff, v. LAWSON, Atty. Gen.**

**3 Div. 328.**

Supreme Court of Alabama.

Nov. 16, 1940.

Rehearing Denied Jan. 23, 1941.

469

John W. Rish, W. L. Lee, Alto V. Lee, III., and W. G. Hardwick, all of Dothan, for appellant.

470

Thos. S. Lawson, Atty. Gen., and Silas C. Garrett, III., and Prime F. Osborn, Asst. Attys. Gen., for appellee.

THOMAS, Justice.

The appeal is on the record from a final judgment superinduced by a ruling of the court sustaining the demurrer of the Attorney General to the petition for mandamus, after which the petitioner refused to plead further.

The petition alleges that the matters turned over to the Assistant Attorney General by the petitioner, sheriff, are public records pertaining to his office, and described in the original petition, as

"(1)· Two (2) receipt books, containing carbon copies of all receipts issued by the said U. G. Watford, as Sheriff of Houston County, from the time he assumed the duties of office in January, 1939,.to July 10, 1940, which said receipt books, with the carbon copies therein, constitute the only substantial. record which your petitioner has of receipts issued and funds received by him, as Sheriff of Houston County, during said period of time;

"(2) Also all Houston County daily Jail Report Sheets, covering the period

beginning January 17, 1939, to and including January 31, 1940. Your petitioner avers that he received a daily report from the Jailor of Houston County for said period of time, which report set forth the names of parties imprisoned, the names of parties discharged from prison, and the dates thereof; that said report sheets represented an aggregate of the reports thus received and that same constitute the only substantial original record which your petitioner has of the matters set forth therein."

That they were delivered voluntarily to said assistant, "with the understanding that same would be kept and used in the City of Dothan, and that they would at all times be available to petitioner for use in the performance of his official duties."

The demurrant and appellee asserts that said records described as a matter of law are not public records but are mere private memoranda, and that he had the right to remove them in violation of said agreement and retain them, as evidence, though there is no pending 'cause in which they may be used, though there is a prospective impeachment proceeding, ordered by the Governor.

■■ We think it clear that if said matters are public records or quasi public records, and kept as official records by the sheriff in his office and were removed without his consent from the county and were in the possession of the Attorney General, when demand for their return was made, the Attorney General was under legal duty to return the same to him, and mandamus will lie to compel the performance of such duty. In the absence of a pending impeachment proceeding, conceding that they would be material evidence, such evidence cannot be impounded, in the absence of statute so authorizing, or of an order of court having jurisdiction to hear and determine the issue presented in a pending cause.

■ If they are mere private memoranda made by the petitioner for his private use, not pertaining to his official acts, they would not be evidence involving official dereliction, and their detention by the person who is the Attorney General or the person who is his assistant, is wrongful, and would support a common-law action of detinue by Watford against such person. It is not necessary now to say whether mandamus would lie.

■ We are unable to affirm as a matter of law that said matters are not such quasi public records, the possession of which are essential to the functioning of the petitioner as sheriff, and, subject to public inspection.

It, therefore, follows that the court committed error in sustaining the demurrers to the petition as originally filed and as amended, and for this error, the judgment of the circuit court must be reversed, and a judgment will be here entered overruling the demurrers to the petition as originally filed and as amended, and the judgment dismissing the petition will be here set aside, and the cause will be reinstated upon the docket.

Reversed, rendered and remanded.

BOULDIN, BROWN, FOSTER, KNIGHT, and LIVINGSTON, JJ., concur.

GARDNER, C. J., dissents.

GARDNER, Chief Justice (dissenting).

The original petition, construed, of course, in connection with the exhibits thereto, discloses that the documents in question are being held by the Attorney General as material evidence against petitioner upon his impeachment trial which has been ordered by the Governor as authorized by law. The majority opinion, without citation of authority, in effect, holds that the Attorney General must surrender to the petitioner this material evidence which was to have been used in the impeachment proceedings against him.

I am fully persuaded this holding is directly contrary to the logic of the opinion of this Court in Banks v. State, 207 Ala. 179, 93 So. 293, 24 A.L.R. 1359 (see also Ex parte Banks, 207 Ala. 503, 93 So. 472,) and the numerous cases therein reviewed and that it is immaterial that the records may be considered of a quasi public character.

The cases of Joe Azparren v. C. P. Ferrel, Sheriff, 44 Nev. 157, 191 P. 571, 11 A. L.R. 678; State ex rel. Murphy v. Brown, 83 Wash. 100, 145 P. 69 and United States v. Hart, D.C., 216 F. 374, are here directly in point and fully sustain the trial court's ruling. This view is likewise sustained by

472

the logic of the opinion of the United States Supreme Court in Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159.

I forego further discussion but the importance of the legal question involved in the due administration of the law impels me to respectfully record my dissent.