WETZEL v. EVANS, Ex'r.

No. 31187. March 21, 1944.

*147 P. 2d 133.*

Blakely M. Murphy, of Stillwater, for plaintiff in error.

Leon J. York, of Edmonton, Alberta, Canada, and Walter Mathews, of Cushing, for defendant in error.

WELCH, J. Charles M. Evans, as executor of Alexander Evans, deceased, sued defendant Carl Wetzel for $4,800 damages. The petition alleged that Alexander Evans owned certain real estate worth $6,000; that shortly before he died, while quite advanced in age, and of impaired mental capacity, or lacking mental capacity, he was imposed upon by defendant, who took advantage of him and wrongfully obtained his deed to the land for $1,200.

Defendant denied decedent was of impaired mentality and asserted the land was fairly purchased both as to method and price.

Upon jury trial, with the evidence of each party, and the trial statements of each party, tending to support his theories above stated, there was general verdict and judgment for plaintiff for $919.25.

For reversal the defendant relies upon one proposition, to wit, error of the court in overruling defendant's motion to vacate judgment for the reason that the petition failed to state facts sufficient to constitute a cause of action.

There were no objections made in any manner to the sufficiency of the petition until the matter was presented in defendant's motion for new trial or to vacate the judgment. No demurrer to the evidence was interposed by either party nor was there any motion for directed verdict. At the close of the evidence the court, without objections or exceptions, instructed the jury in clear accord with the trial theory and contentions of the parties as above set out. Defendant offered no requested instruction.

In support of his right to attack the sufficiency of the petition under the facts here, defendant cites Zahn v. Obert, 60 Okla. 118, 159 P. 298. That case is authority for the rule that such questions as go to the jurisdiction of the court may be raised at any time. He also cites Perry v. Snyder, 75 Okla. 24, 181 P. 147. Therein the petition affirmatively showed on its face that plaintiff was entitled to no relief and the petition was held to affirmatively disclose lack of jurisdiction in the trial court to grant any relief to plaintiff. We do not consider those cases as sustaining defendant's right to attack the petition herein under this record.

The argument advanced by defendant with regard to the fault in the present petition is that the petition ". . . fails to allege that the defendant willfully deceived his grantor, with intent to induce him to alter his position to his injury or risk, or facts showing such willful deception and intent as required by Oklahoma Statutes 1941, Title 76, section 2."

He states that by the allegations of the petition plaintiff brings grantor within the class of incompetents as recognized in section 23, Title 15, O. S. 1941, and further:

"He has not alleged that the grantor was entirely without understanding within the terms of section 22, supra, and, furthermore, by choosing to bring an action for damages rather than one for cancellation, he has affirmed the conveyance, thereby admitting that it is not void; and that, therefore, the grantor must necessarily fall within the second class above mentioned."

It is to be seen that defendant does not point out wherein the petition affirmatively discloses facts prohibiting some kind of relief, but merely points out certain omissions which might have been sured by amendment or proof. Such is insufficient to oust the court of jurisdiction. Wagner v. Lucas, 79 Okla.

231, 193 P. 421, and the many cases cited therein.

Plaintiff urges' here that the allegations of his petition are sufficient to charge that the grantor was wholly without understanding within 15 O. S. 1941 § 22. We think that the petition would indeed have been sufficient to support a judgment for cancellation. Certainly, then, it cannot be said that the petition wholly failed to state *any* cause of action. The nature of the remedy applicable under the stated facts, whether of legal or equitable cognizance, does not measure the sufficiency of the petition. Bynum v. Strain, 95 Okla. 45, 218 P. 883, and Chivers v. Board of County Com'rs of Johnston County, 62 Okla. 2, 161 P. 822.

Plaintiff by proceeding upon the trial theory of ratification and damages chose a course more favorable to defendant. The defendant in no manner objected to such trial theory or such interpretation of the petition, but fully acquiesced therein throughout the trial. He will not now be heard to complain that plaintiff was awarded damages instead of cancellation of the deed, by way of testing the sufficiency of the petition.

Assuming the correctness of defendant's theory that it would have been necessary for plaintiff to plead willful deceit, etc., as contended, this record shows from the opening statements of the parties and the tenor of the evidence and the general trial theory that the parties and the trial court in effect treated the petition as amended in that respect. Whether the evidence may have supported those issues is not preserved and presented here.

The petition, which is the only thing under consideration here, is sufficient to support the jurisdiction of the court.

All other questions having been waived, the judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS and HURST, JJ., concur.