FERNOW v. GUBSER, Trustee.

No. 31955. Oct. 16, 1945.

*162 P. 2d 529.*

W. P. Nelson, A. J. Kriete, and Arch K. Kriete, all of Tulsa, for plaintiff in error.

Paul Pinson and G. C. Spillers, both of Tulsa, for defendant in error.

RILEY, J. This is an appeal from a decree denying relief to plaintiff in error, John Fernow, who sought vacation of a judgment rendered against him and in favor of defendant in error in the district court of Tulsa county, September 19, 1941. The judgment was rendered in E. H. Gubser, Trustee of the Liberty Royalties Corporation, v

John Fernow. Herein it is referred to as cause No. 52696. That cause was commenced by M. H. Watts as receiver of the Liberty Royalties Corporation to recover alleged secret profits taken by Fernow while he was president of that corporation. In that action, it was claimed that in a transaction for the purchase of certain interest units in the United Royalties Company, an express trust, Fernow had conveyed two apartment buildings owned by him, to the United Royalties Company for the benefit of the Liberty Royalties Corporation; that the interest of Fernow in said buildings was worth not to exceed $4,000, whereas he took from the Liberty Royalties Corporation therefor the sum of $25,000 and thereby gained for himself a secret profit of $21,000; that in further carrying out and consummating the purchase of interests from the United Royalties Company, Fernow was charged with the duty of acquiring, for the account of Liberty Royalties Corporation, certain property to be conveyed to United Royalties Company; that Fernow did not disclose to the Liberty Royalties Corporation the amount paid by him for said property purchased in its behalf; that the amount thereof was unknown to plaintiff, but was not to exceed the sum of $8,000, but that Fernow had taken from the Liberty Royalties Corporation therefor the sum of $54,506.59, thereby taking and retaining further secret profits to himself to the extent of $46,506.59. Recovery was sought in the sum of $67,506.59. The answer of Fernow was a general denial.

That cause was not brought to trial in the district court until about February 28, 1941. In the meantime, about 1938, proceedings were commenced in the United States District Court for the Northern District of Oklahoma for the reorganization of the Liberty Royalties Corporation under the Federal Bankruptcy Act, and E. H. Gubser had been appointed as trustee in bankruptcy of said corporation and was substituted as plaintiff in said cause No. 52696 in the district court of Tulsa county. When cause No. 52696 came on for trial, February 28, 1941, defendant John Fernow appeared in person and by his attorneys, a jury was waived, and the court appointed a referee and authorized him to take evidence concerning the transactions and mutual accounts between the defendant and Liberty Royalties Corporation, and to make a complete accounting between the parties.

On August 12, 1941, the referee filed his findings that in the transaction concerning the transfer of the real estate of Fernow for the benefit of Liberty Royalties Corporation the value of Fernow's interest therein was $21,000, and that Fernow had taken from his corporation therefor the sum of $25,000, thereby taking a secret profit of $4,000; and that Fernow had, while acting as chief managing officer of the Liberty Royalties Corporation, caused to be paid to himself in cash, or placed to his credit, the aggregate sum of $138,969.55, consisting of five items: (1) cash paid to Fernow, or to others for his account, $78,323.70; (2) suspended dividends apportionable to 591,742 units from United Royalties Company, $53,032.63; (3) 20 shares of preferred stock, $700; (4) expenses in connection with royalty purchases, $2,246.56; (5) purchase of 13,333.33 shares of common stock at 20c per share, $2,666.66. That Fernow had accounted or received credit therefor in the aggregate, the sum of $111,470.38, consisting of nine items, showing a balance due from Fernow of $25,499.17. The referee recomemnded judgment against Fernow for that amount.

On September 19, 1941, the court overruled Fernow's objections and entered judgment in the sum recommended. Fernow gave notice of intention to appeal. Time to appeal expired April 16, 1942. No appeal was perfected and the judgment became final April 17, 1942.

On November 4, 1943, under permission of the United States District Court for the Northern District of Oklahoma, Fernow, as plaintiff, commenced this action against E. H. Gubser, trustee, to

vacate the judgment rendered against him in cause No. 52696. The principal contention made is that the judgment is void on the face of the judgment roll and that unavoidable casualty and misfortune prevented him from perfecting and prosecuting an appeal to the Supreme Court.

In his contention that the judgment sought to be vacated is void on the face of the judgment roll, Fernow alleges in this action that the cause of action set forth upon the face of the petition was for the recovery of two items only, namely, the sum of $21,000 on the apartment transaction, and the sum of $46,506.59 which plaintiff in said action claimed was a secret profit made by Fernow, resulting from a sale to the corporation of certain royalty interests Fernow had acquired for said corporation; that the action was for a money judgment only and was in all things an action at law; that issues were joined by general denial and that neither of the parties had asked for an accounting except as to the two items mentioned in the petition, and that the action of the trial court in ordering a reference, appointing a referee with directions to hear all testimony and other evidence concerning the business transactions and mutual accounts between Fernow and Liberty Royalties Corporation and making a complete accounting between the parties and directing the referee to make said accounting, and the judgment based thereon, were outside the issues in said case so as to render the judgment utterly void.

The basis of the claim of unavoidable casualty and misfortune preventing an appeal in cause No. 52696 is that Fernow had employed an attorney to represent him in said cause; that his fees had been fully paid and expenses furnished for the purpose of preparing the case-made and filing the appeal in the Supreme Court, and that after the case-made had been prepared, served, and filed in the district court, said attorney, without notice to him, assumed an adversary position to plaintiff and about April 1, 1942, without notice, wholly abandoned plaintiff as his client and the intended appeal; that Fernow, in good faith, believed said appeal had been or would be duly perfected and was without knowledge that the appeal had not been perfected until after April 16, 1942, when the time to file said appeal expired, so that plaintiff herein was, without fault on his part, deprived of his right to have said appeal perfected and the case reviewed by the Supreme Court.

The answer, in substance, alleges that the pretended cause of action set forth in the petition is a collateral attack on a judgment of the district court and cannot be maintained; that John Fernow is now under guardianship by appointment of the county court of Cook county, Ill., in an action wherein it was determined and adjudged that plaintiff herein is an incompetent; that notwithstanding said incompetency proceeding, plaintiff is now, and was at all times mentioned, a competent person fully capable of protecting his interests in this or any other litigation. The answer also denied that plaintiff suffered any unavoidable casualty in connection with the trial, rendition of judgment, or attempted appeal in cause No. 52696, or that he was imposed upon in any manner. The answer then pleaded two unsuccessful attempts to have the judgment in cause No. 52696 set aside; one by Maud Fernow as guardian and next friend, and one by Thomas A. Hunt, guardian for John Fernow appointed by the county court of Tulsa county, and that issues were joined and trial had and final judgment rendered in both of said proceedings denying application to set aside the judgment in cause No. 52696.

Reply was in effect a general denial and a specific denial of the validity of the alleged insanity and guardianship proceedings. On the issues thus joined, evidence was taken on the question of unavoidable casualty. The court held that the judgment entered in cause No. 52696, September 19, 1941, was within the issues raised by the pleadings and that the contention by plaintiff to the

contrary is without merit. On the issue of unavoidable casualty, the trial court found:

" . . . there was no unavoidable casualty which prevented the plaintiff from having a fair and impartial trial in said cause No. 52696, supra, wherein the judgment was rendered against him, and that there was no unavoidable casualty which prevented him from perfecting his appeal to the Supreme Court in said cause No. 52696.

"The court further finds that the charge made in the petition to vacate the judgment in said cause No. 52696 wherein it is charged that the attorney for the defendant in said cause No. 52696, hereinabove mentioned, abandoned his client, is unsupported by the evidence, and, on the contrary, that the defendant in said cause No. 52696, John Fernow, now plaintiff herein, discharged his attorney, John M. Wheeler, Sr., and refused to permit him to handle any affairs for the plaintiff herein on and after April 1, 1942, and that John M. Wheeler, Sr., is without fault in the premises."

The trial court also found:

" . . . that John Fernow, plaintiff herein, was at the time of the trial of said cause No. 52696, and the rendition of the said judgment and at all times since a competent person."

Judgment was that the petition to vacate the judgment in cause No. 52696 be denied and dismissed, and plaintiff appeals.

The first proposition presented is that the judgment sought to be vacated is void for jurisdictional reasons appearing on the face of the judgment roll and that the court erred in refusing to so hold. Plaintiff asserts that a decree of mutual accounting is an equitable remedy. This, as a general statement, is correct, although it is held in many cases that an accounting may also be decreed in a suit which is founded primarily upon other grounds, for the purpose of affording full and complete relief. 1 Amer. Jur. 299.

It is contended that under the plead-ings in cause No. 52696 the action was one of law and not cognizable in equity in that plaintiff therein claimed judgment on two specific items and did not call for an accounting and that the answer of defendant being a general denial, the trial court was without power to decree and order a general accounting. As to the second alleged item, wherein the plaintiff in that action claimed secret profits to the extent of $46,506.59 arising out of certain transactions wherein Fernow was charged with the duty of acquiring for the account of Liberty Royalties Corporation property to be conveyed to the United Royalties Company, it was alleged that plaintiff did not know the exact amount paid by Fernow for the property so acquired but that its cost did not, according to the information and belief of plaintiff, exceed the sum of $8,000, and that Fernow transferred same to the United Royalties Company, receiving therefor the sum of $54,506.59, thereby receiving a secret profit to himself of $46,506.59. Paragraph 7 of the petition then alleged:

"This plaintiff, or Liberty Royalties Corporation, were never informed by John Fernow and did not have knowledge, do not now have knowledge, of the exact sum of money expended by said John Fernow in the purchase of aforesaid properties and interests conveyed or caused to be conveyed by said John Fernow for the account of the Liberty Royalties Corporation in the aforesaid transactions. That it will be necessary that defendant, John Fernow, be required to produce all checks, drafts, books, accounts and records that he may have of all of said transactions and to make an accounting therefor. Plaintiff further states that John Fernow is the owner of a large number of shares of common and preferred capital stock of the Liberty Royalties Corporation. Of said stock owned by John Fernow, three hundred twenty (320) shares of preferred stock of a par value of one hundred ($100.00) dollars each is recorded in the books of the corporation in the name of Dr. Herbert T. Wagner. That while said shares of stock are in the name of Dr.

Herbert T. Wagner, said Dr. Herbert T. Wagner has no right, title, claim or interest thereto but that said shares of preferred stock are owned by the defendant John Fernow. This plaintiff further states that it is entitled to a lien against all shares of capital stock, common and preferred, owned by John Fernow in said Liberty Royalties Corporation and for all sums for which said John Fernow may be obligated or indebted to the Liberty Royalties Corporation but this plaintiff, as receiver of Liberty Royalties Corporation, is entitled to a judgment for said sum of sixty-seven thousand five hundred six dollars and fifty-nine ($67,506.59) cents and a decree for lien against the common and preferred shares owned by said John Fernow in said Liberty Royalties Corporation and that said stock be foreclosed and sold to satisfy said judgment and lien."

Thereunder, an accounting was clearly called for in order to determine the amount, if any, of the liability of Fernow on said transaction. The petition as a whole was sufficient to invoke the equity powers of the court.

Furthermore, 12 O. S. 1941 § 613, provides:

"When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in either of the following cases: Where the trial of an issue of fact shall require the examination of mutual accounts. . . or where the taking of an account shall be necessary for the information of the court before judgment, in cases which may be determined by the court. . . or where a question of fact other than upon the pleadings shall arise, upon motion or otherwise, in any stage of an action."

It is well settled that every presumption is in favor of the validity of a judgment of a court of general jurisdiction, and insofar as errors were concerned, Fernow had rights of appeal.

In Wetzel v. Evans, 194 Okla. 20, 147 P. 2d 133, it is held:

"Where the trial court has jurisdiction of the parties, of the subject matter, and the particular questions involved, and the allegations in the original petition are sufficient to challenge a judicial inquiry, the judgment rendered by such court is not void on account of an amendable defect or insufficiency in the petition."

"Under our code procedure and system of code pleading, the court is endowed with the dual powers of a court of equity and a court of law and redress for every remediable wrong may be had by a civil action upon the facts stated in a pleading called a petition." Idem.

"Where a pleading is indorsed a 'petition', as the statute requires, with allegations showing that plaintiff has wrongfully sustained a detriment, a wrong for which the law or equity provides a redress, then from the nature of the facts stated, the court, vested as it is with the dual powers of a chancellor and a court of law, will determine and grant the proper relief." Idem.

McDougal v. Rice, 79 Okla. 303, 193 P. 415, holds:

"The district courts of this state are courts of general jurisdiction and their judgments cannot be collaterally attacked unless record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment, and where the court is one having power to grant the relief sought and having the parties before it, the fact that the petition defectively states a cause of action, or fails to state it, does not make the judgment void on collateral attack, there being no connection between jurisdiction and sufficient allegations."

Plaintiff in error cites a number of cases which hold to the rule that:

"An acounting cannot be decreed where such relief is not within the allegations of the bill of complaint nor can the decree require an accounting of a different character from that sought by the bill."

They are, for the most part, cases involving a direct attack on judgment by appeal. None of them are cases where the judgments were attacked as being void on the face of the judgment

roll. Other cases cited are from states which do not have our system of code pleading in which courts of general jurisdiction are endowed with the dual power of courts of equity and courts of law.

From the record before us, the judgment sought to be vacated in this action is not void upon the face of the record.

Under the issue of unavoidable casualty, the contention of the plaintiff is entirely without merit. In cause No. 52696, Fernow, defendant therein, had until April 16, 1942, to file his petition in error and case-made in the Supreme Court. The case-made had been prepared, served, filed with the court clerk and withdrawn for filing in the Supreme Court. On April 1, 1942, Fernow wrote his attorney a letter which, in part, reads as follows:

"I have carefully considered the method of procedure insisted upon by you in the carrying on of my suit in the state court and I have come to the conclusion that I would not choose to have you carry on for me in such a manner ·as you have indicated. Therefore, I believe that we had best sever any further relationship in these matters and I think it best that you no longer represent me in any matters whatsoever.

"Will you kindly turn over to me whatever files and papers you have accumulated in connection with my affairs?"

The finding of the trial court on that issue is in accord with the evidence. Fernow could not by any affirmative act extend the time for perfecting his appeal or excuse his failure to do so.

Affirmed.

HURST, V. C. J., and ˙ OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.