**PYRAMID LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**MASONIC HOSPITAL ASSOCIATION OF PAYNE COUNTY, OKLAHOMA, a corporation, and James H. Moses, Administrator of Cushing Municipal Hospital, Cushing, Oklahoma, Defendants.**

Civ. No. 8330.

United States District Court
W. D. Oklahoma.

Feb. 8, 1961.

52

Abernathy & Baker, Shawnee, Okl., for plaintiff.

Sterling N. Grubbs, Cushing, Okl., and Rucker, Tabor, Best, Sharp & Shepherd, Tulsa, Okl., for defendants.

CHANDLER, Chief Judge.

Plaintiff, a citizen of Kansas, issues, among other types, policies of insurance covering hospital, doctors' and medical bills. Defendants are Masonic Hospital Association of Payne County, Oklahoma, operator of Cushing Municipal Hospital, and James H. Moses, Administrator of the Hospital, of the same county, both citizens of the State of Oklahoma. Diversity of citizenship therefore exists.

Plaintiff's complaint and amended complaint ask for a mandatory injunction enjoining and restraining defendants from preventing inspection and copying of hospital and medical records of patient-policyholders of the plaintiff who have been confined in the Cushing Municipal Hospital, Cushing, Oklahoma, by representatives of the plaintiff armed with authorizations signed by the patients or their representatives; and for discovery and accounting of any monies found due and owing by the defendant hospital association to plaintiff because of claims paid by plaintiff to the hospital through fraud of such defendant or mistake of fact by plaintiff.

Defendants' initial answer asserts that the value of the thing in controversy is below the jurisdictional limits, and that any monies due and owing the plaintiff by reason of fraud, or because of claims paid by it under mistake of fact, would be due and owing to plaintiff only by the patient-policyholders or attending physicians. Defendants also initially denied plaintiff's right to a mandatory injunction on the ground that the medical records of the patient-policyholders are the property of the hospital which in its sole discretion could permit or deny inspection, copying or reproduction thereof. In a later answer defendants concede the right of inspection and urge that such concession defeats plaintiff's right to an injunction.

The pleadings and the narrowing of issues at the pre-trials present the following questions for determination: (1) Whether the value of the right to be protected is sufficient to support the court's jurisdiction; (2) Whether plaintiff has a right to inspect and copy the hospital records; (3) Whether plaintiff is entitled to a mandatory injunction; and (4) Whether plaintiff is entitled to discovery and to accounting of any monies paid through fraud or mistake of fact.

As to the first proposition, the court finds that the value of plaintiff's business in Oklahoma is largely in excess of the jurisdictional limits of this court. It is well established that in a suit for an injunction, the amount in controversy for jurisdictional purposes is not the amount the plaintiff might recover, but the value of the right to be protected. Caron Corporation v. Wolf Drug Co., D.C., 40 F.Supp. 103; Penn Mut. Life Ins. Co. of Philadelphia v. Joseph, D.C., 5 F.Supp. 1003. The court therefore has jurisdiction of this cause.

As to the second proposition, the defendant hospital association is required by statute in the State of Oklahoma to keep and retain accurate and complete medical records of its patients. 63 O.S.1951 § 326.7; License Law and Standards for Hospitals and Related Institutions, Hospital Division, Oklahoma State Department of Health. Records required to be kept and retained by the force of statute, regulation, or judicial decision are at least quasi-public. Wilson v. United States, 221 U.S. 361, 382,

**54**

31 S.Ct. 538, 55 L.Ed. 771; Watford v. Lawson, 240 Ala. 468, 199 So. 692, 694; Dossett v. Porter, 6 Cir., 161 F.2d 839, 841. The right to inspect such records is not one which may be exercised only by persons having a legal interest therein. Inspection can be made by any person who has an interest such as would enable him to maintain or defend an action for which the document or record sought can furnish evidence or necessary information. Disabled Police Veterans Club v. Long, Mo.App., 279 S.W.2d 220, 223; McCoy v. Providence Journal Co., 1 Cir., 190 F.2d 760, 765.

■ Insurance companies have a legitimate interest in determining whether claims made under their policies are claims which they are obligated to pay, and whether those already paid were in fact claims for which they were liable. Since they are expected to pay claims promptly, they should not be forced to make payment without such investigation as they deem necessary.

■ The court finds that the paper or other material on which the quasi-public medical records maintained by Cushing Municipal Hospital pertaining to care and treatment of patients and to expenses incurred by patients appear or are portrayed is the property of the hospital. Wallace v. University Hospitals of Cleveland, Ohio Com.Pl., 164 N.E.2d 917. But the keeper of the records does not have the right to possess and use the information constituting the records to the exclusion of the patient, his representatives, or those standing in his shoes. 27 C.J.S. Discovery § 72c, p. 232. Nor can it with impunity disclose such information without permission of the patient. 70 C.J.S. Physicians and Surgeons § 36, pp. 941, 942; 41 Am.Jur. pp. 196, 197, Sec. 75. Accordingly, the keeper of the records is only the custodian and not the owner of that information constituting the medical records of the patient. 60 O.S.1951 § 1; Ramsey v. Leeper, 168 Okl. 43, 31 P.2d 852, 859; Wallace v. University Hospitals of Cleveland, supra.

■ The patient has a property right in the information appearing or portrayed on the records and he, or those authorized by him, including an insurance company representative armed with authorization signed by the patient, is entitled to make such inspection and/or to copy such records without resort to litigation. Pressman v. Elgin, 187 Md. 446, 50 A.2d 560, 169 A.L.R. 646; Bearor v. Kapple, Sup., 24 N.Y.S.2d 655; Wallace v. University Hospitals of Cleveland, supra.

■ As to the third proposition, the court finds that plaintiff's representatives submitted to the hospital authorizations executed by the patient-policyholders or by representatives of the patient-policyholders. It is, therefore, an unlawful interference with plaintiff's business for the defendants or their agents to deny plaintiff's representatives the right to inspect and copy the patient's hospital and medical records and such interference will be enjoined. 28 Am.Jur. p. 566, Sec. 70; 43 C.J.S. Injunctions § 138, p. 683; Paramount Pictures, Inc. et al. v. Leader Press, Inc., 10 Cir., 106 F.2d 229, 231; Wallace v. University Hospitals of Cleveland, supra.

■ That defendants now concede plaintiff's right to inspect, copy or reproduce the records does not divest the court of jurisdiction to issue a mandatory injunction. Vaughan v. John C. Winston Co., 10 Cir., 83 F.2d 370, 373; Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587.

■ With respect to the fourth proposition, the court finds that plaintiff was denied access to the records prior to litigation. Accordingly, it was entitled to discovery. Galanos v. United States, D.C., 27 F.Supp. 298; Rosenblum v. Dingfelder, D.C., 1 F.R.D. 179. If, as a result of a discovery a plaintiff finds that it has paid claims through fraud or mistake of fact, it is entitled to an accounting. Reserve Life Insurance Company v. Salter, D.C., 152 F.Supp. 868; Fernow v. Gubser, 196 Okl. 58, 162 P.2d

529, 532; Phoenix Indemnity Co. v. Steiden Stores, Ky., 267 S.W.2d 733.

For the reasons stated, plaintiff is entitled to a mandatory injunction restraining defendants from unlawfully interfering with plaintiff's business and requiring that Cushing Municipal Hospital honor the authorizations. Moreover, while the court finds no evidence of fraud by the defendants, plaintiff is entitled to recover of the defendant hospital association the sum of $127.65 which the discovery ordered by the court shows that plaintiff paid the hospital through mistake of fact, with interest thereon at the rate of six percent per annum from the date hereof until paid. All costs are taxed to the defendant Masonic Hospital Association of Payne County, Oklahoma.